# BIRCH DAUGHERTY, Appellant, v. STATE OF TENNESSEE, Appellee.—470 S.W.2d 865

June 3, 1971.

Certiorari Denied by Supreme Court September 7, 1971.

Lee Asbury, Jacksboro, for appellant.

David M. Pack, Attorney General, Robert H. Roberts, Assistant Attorney General, Nashville, Arzo Carson, District Attorney General, Huntsville, for appellee.

RUSSELL, J.  ■  This post-conviction relief petition was filed by Birch Daugherty while confined in the penitentiary serving a three (3) year sentence for burglary. We are officially advised that he was paroled on August 27, 1970, and that his time expired on February 1, 1971; so that he has served the punishment complained of, and the only matter preventing this litigation from being completely moot is the fact of the conviction upon his record.

Daugherty was tried jointly with a minor son for the alleged burglary of a school, from which a substantial quantity of foodstuff was taken. Both were represented by the same appointed counsel. The stolen property was recovered by search of the premises of Daugherty, which was also where the son lived.

It is contended in this proceeding that the search warrant upon which the search was bottomed was patently bad for affidavit insufficiency, and that the fact that neither appointed counsel nor the trial judge raised the question was a denial of a Constitutional right by State action.

We have the transcript of the trial before us. It is rather clear that the defense strategy was to clear the son and place the full blame upon Appellant. This was successful, as the son was cleared; and the appellant received only the minimum sentence. After being advised that a new trial could result in a more severe punishment, Daugherty executed a written waiver of his right of appeal.

Although Daugherty did not himself testify upon the trial, both his wife and son did so and each testified of the presence in the house of the stolen property; and, at least by implication depicted Daugherty as the sole thief. Hence, it was never a part of the theory of the defense that the stolen property was not upon Appellant's premises. This could be why no proper objection was made to the validity of the search warrant, although defense counsel did question it on some grounds. Obviously, also, the State had an informant who had information that the stolen goods were there, and this could perhaps have

led to other competent evidence of the possession if any valid objection had been made to the introduction of the fruits of the search.

■ At any rate, no valid objection was made. An appeal was waived. Unless we hold that this was patent incompetence of appointed counsel, it follows that the question was waived by the failure to raise it upon the trial. Evidence not objected to is not incompetent. Harless v. State, 189 Tenn. 419, 226 S.W.2d 258; Casone v. State, 193 Tenn. 303, 246 S.W.2d 22.

■ For us to hold that counsel was incompetent in this context, we must find that his conduct of the trial was such as to make a farce, or a mockery of justice, of the proceeding. Scott v. United States, 334 F.2d 72 (6th Cir.); Schaber v. Maxwell, 348 F.2d 664 (6th Cir.); Williams v. Beto, 454 F.2d 698 (5th Cir.); State ex rel. Leighton v. Henderson, Tenn.Cr.App., 448 S.W.2d 82. We cannot so hold in this case. Not only is technical perfection of counsel not necessarily demanded by Constitutional standards, but we also know that the failure to object to evidence is often a matter of trial strategy, not a reflection of oversight or incompetence. Here, the obvious strategy of clearing the son was successful. And both the son and his mother testified voluntarily as to the presence in the residence of the contraband that became the fruits of the search. Perhaps the State would have had other competent evidence, if the search had been objected to.

This man was convicted, has served his time, and we find nothing to indicate that he was not guilty. Nor was his trial composed in part of such a patent violation of

his constitutional rights as to require a voiding of his conviction.

Appointed counsel in this proceeding, Hon. Lee Asbury of the Jacksboro bar, deserves commendation for the excellent manner in which he has represented Daugherty.

The judgment of the trial court is affirmed.

Mitchell and Galbreath, JJ., concur.