Gene Douglas PARTON, Petitioner,

v.

STATE of Tennessee, Respondent.

Court of Criminal Appeals of Tennessee.

March 29, 1972.

Certiorari Denied by Supreme Court

June 5, 1972.

Charles W. Lusk, Jr., Chattanooga, for petitioner.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, for respondent.

OPINION

WALKER, Presiding Judge.

The trial judge dismissed Gene Douglas Parton's petition for postconviction relief without an evidentiary hearing. Parton attacks his conviction for burglary and sentence to five years to ten years and one day in the penitentiary, alleging:

(1) The indictment was improperly returned in that an assistant attorney general improperly influenced the grand jury.

(2) He was convicted on perjured testimony.

(3) He can prove an alibi.

On appeal of his conviction, this court affirmed. Parton v. State, Tenn.Cr.App., 455 S.W.2d 645 (1970).

The trial judge dismissed the petition May 13, 1971, on the ground that it was moot in that petitioner had subsequently been convicted of larceny and of being an habitual criminal and his new trial motion was pending. The habitual criminal case had been reversed. See Parton v. State, Tenn.Cr.App., 458 S.W.2d. 646. Parton's conviction again as an habitual criminal on the retrial of that case is now before this court and is under our consideration.

It is clear that this petition is not moot. The consequences of Parton's conviction affect him adversely. See Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554; Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917. We therefore examine the allegations of the petition.

In our direct review of the conviction, we fully considered Parton's claim that the indictment was improperly returned. On the appeal we considered this

question as well as Parton's claim that one Robert Lee Russell had made a statement that would exculpate Parton. Testimony of Russell's statement would have been inadmissible hearsay. Peck v. State, 86 Tenn. 259, 6 S.W. 389. The claim that Parton can now prove an alibi questions the weight and sufficiency of the evidence.

 Postconviction proceedings may not be used as a substitute for an appeal. Matters raised and disposed of on direct appeal will not be reviewed again upon a collateral attack. State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667. Postconviction proceedings may not be employed to question or review the sufficiency of the evidence at the original trial. Phillips v. State, Tenn.Cr.App., 458 S.W.2d 642.

■ The state filed no response to the petition in the trial court as required by the postconviction procedure act. In Brown v. State, Tenn.Cr.App., 445 S.W. 2d 669 (1969), we called attention to the importance of trial courts following the provisions of the act by requiring responsive pleadings and by making findings of fact and conclusions of law on all grounds presented with regard to each such ground in accordance with T.C.A. 40–3818.

■ The trial judge should discuss or make a finding on all questions raised by a petition. See Webb v. State, Tenn.Cr. App., 475 S.W.2d 228; Little v. State, Tenn.Cr.App., 469 S.W.2d 537. When he dismisses without an evidentiary hearing, he has no evidence from which to find the facts. In such cases his order should show all grounds presented and his conclusions with regard to each of them. Guy v. State, Tenn.Cr.App., 470 S.W.2d 28.

■ Trial courts should make it clear that responsive pleadings are expected as of course. The postconviction procedure act requires the clerk to forward a copy of the petition to the dis-

trict attorney general when the petition is filed. Judicial action may be postponed until the respondent has filed a response and the petitioner has had time to reply. The assistance of the district attorney general may be valuable to the trial judge, not only in understanding the nature and merit of the contentions, but also in bringing together the files and records in the case. It is necessary that the pleadings, files and records in the case which are before the court conclusively show that the petitioner is entitled to no relief before the trial court may order the petition dismissed. The record on which the trial judge bases his conclusions of law will facilitate appellate review. See A.B. A. Standards Relating to Post-Conviction Remedies, Sec. 4.2.

We have carefully examined the petition and considered all of the assignments of error and the questions presented by the petition. We find them without merit.

The judgment is therefore sustained.

OLIVER and DWYER, JJ., concur.