**W. L. HOLT, Jr., Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Oct. 20, 1972.

Certiorari Denied by Supreme Court
Jan. 15, 1973.

Thomas G. Hull, Greeneville, for plaintiff in error.

David M. Pack, Atty. Gen., Charles W. Cherry, Asst. Atty. Gen., Nashville, Heiskell H. Winstead, Dist. Atty. Gen., Rogersville, for defendant in error.

## OPINION

OLIVER, Judge.

From the State Penitentiary, where he was then serving a three-to-five-year third degree burglary and larceny sentence adjudged upon the verdict of a jury in the Criminal Court of Greene County, Holt filed in that court a petition under our Post-Conviction Procedure Act (TCA § 40–3801 et seq.) on *August 31, 1967.*

We may notice judicially the record of Holt's direct appeal to our Supreme Court, where his original conviction was affirmed July 28, 1967, and the record of his first appeal to this Court in this post-conviction proceeding, and accordingly we have examined those records. State ex rel. Leighton v. Henderson, 1 Tenn.Cr.App. 598, 615, 448 S.W.2d 82; Canupp v. State, Tenn.Cr. App., 460 S.W.2d 382.

Holt's original petition under the Post-Conviction Procedure Act, filed August 31, 1967, assailed the validity of his burglary and larceny convictions upon the grounds (1) that the State suppressed and withheld from him and his counsel until the day of the trial the confessions of his co-defendants implicating him, and he had no opportunity to subpoena witnesses to impeach those confessions and prepare an effective defense against them, and his counsel was unable to cross-examine his co-defendants because they did not take the witness stand, and (2) that his motion for a continuance, made when he learned about the confessions of his co-defendants, was denied by the trial court and that action prevented him from procuring witnesses to impeach the confessions.

On January 11, 1968 the District Attorney General, representing the respondent Warden, filed a motion to dismiss "the petition and amended petition" pursuant to TCA § 40–3811 and 40–3812, upon the stated ground that those petitions and the records of the case in the trial court clerk's office conclusively showed that all the issues raised had been previously determined.

The record of that post-conviction proceeding which was filed in this Court on November 13, 1968 pursuant to Holt's appeal from the judgment dismissing his petition, contains only the petition (but no amendment) and the motion to dismiss above referred to and an order entered by the trial court on *September 25, 1968* reciting:

"The petition is dismissed because petitioner stated that he did not intend to testify in this hearing as to how his rights have been violated.

"The petitioner excepts and prays an appeal to the next term of Court of Criminal Appeals at Knoxville, the appeal is granted and thirty (30) days for transcript of proceedings. The appeal does not act as supersedeas and Junior W. Holt will be taken back to the penitentiary today to serve the remainder of his sentence."

In an opinion filed at Knoxville on November 4, 1969, this Court reversed the foregoing judgment of the trial court and remanded the case to that court for an evidentiary hearing.

Holt is now again before this Court upon his duly-perfected appeal from the trial court's judgment dismissing his petition following that evidentiary hearing. The record now before us indicates, and the records department of the State Penitentiary has confirmed to this Court, that Holt was released and discharged from that institution on November 6, 1969 upon completion and expiration of his sentence. However, because burglary and larceny are infamous crimes in this State (TCA § 40–2712) and may also be charged and proved as prior convictions in a prosecution under

the Habitual Criminal Statute (TCA § 40–2801 et seq.), which unquestionably are substantial and important collateral consequences of his conviction over and above his sentence to imprisonment, his discharge upon expiration of that term does not disentitle him to question the validity of his conviction and does not render moot the questions previously raised by a post-conviction proceeding assailing his conviction on constitutional grounds. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917. Thus, notwithstanding the petitioner's discharge and release from the penitentiary prior to the hearing which gives rise to the present appeal, we must consider this appeal.

Differing substantially and most materially from the above-described record of this petitioner's first post-conviction appeal, the technical record presented to us in his present appeal contains the following: (1) a copy of the same original petition filed on August 31, 1967; (2) the District Attorney General's answer filed November 29, 1967 reciting in substance that the matters charged in the petition "were or should have been decided on appeal to the Tennessee Supreme Court" and that none of the petitioner's constitutional rights were violated in his trial; (3) an amendment filed January 8, 1968 assailing the validity of his conviction upon the grounds (a) that the sheriff and a TBI agent manufactured evidence against him by bringing several cartons of cigarettes from Newport to Greeneville and returning them to the owner of the burglarized store, representing to him that they were part of those taken by the petitioner and his co-defendants at the time of the burglary, knowing that those cigarettes did not belong to the store owner and that the petitioner had nothing to do with breaking into that place of business, (b) that one of the trial jurors knew him and was aware of his past convictions and was disqualified and incompetent to sit as a juror in his case, and (c) that he was denied an effective appeal of his conviction by the negligent failure of

his court-appointed counsel to submit to the Supreme Court all the errors that occurred at his trial; (4) the same motion to dismiss filed by the District Attorney General on January 11, 1968, which, as above noted, was included in the technical record of Holt's first post-conviction appeal to this Court; (5) an order entered upon the Minutes by the trial court on *January 29, 1968,* providing as follows:

"Hearing on the Attorney General's application to dismiss.

"Upon examining the Petition, and amendments and the answer and in examining the Court's files and the minutes of the Court, the Court is of the opinion that the Supreme Court of Tennessee, upon petitioner's original appeal affirming the conviction covers all the matters alleged and that there is nothing ·new for the Court to hear and the *petition is dismissed as a matter of law.*

"The defendant will be taken back to the penitentiary to serve the remainder of his sentence.

"The defendant prays an appeal to the next term of the Court of Criminal Appeals at Knoxville. The appeal is granted and fifteen (15) days is allowed for the Bill of exceptions.

"The appeal will not act as a supersedeas and petitioner will be taken forthwith to the penitentiary." (Emphasis supplied.)

■ *Thus, Holt's original petition filed August 31, 1967, as amended on January 8, 1968, was clearly and unequivocally and finally dismissed by the trial court on January 29, 1968, and the petitioner prayed and was granted an appeal to this Court. Failing to perfect that appeal, of course that judgment of dismissal became final 30 days thereafter.* Hethcoat v. State, 213 Tenn. 563, 566, 376 S.W.2d 478.

Nevertheless, strangely and inexplicably, the technical record of Holt's present ap-

peal also contains the following: (6) an order entered upon the Minutes by the trial judge on *May 15, 1968* reciting that the petitioner has filed a petition seeking relief from his conviction and sentence and directing the sheriff of the county to return him to that court for further proceedings; (7) an order entered May 24, 1968 sustaining Holt's motion to set his case for trial on July 1, 1968; (8) an order entered on June 20, 1968 sustaining Holt's motion to continue his case to the September term; (9) an order entered September 20, 1968 setting the hearing for September 25, 1968; (10) an order entered September 20, 1968 directing that Walter English, Joe Beard, and George Lollar be brought from the penitentiary on September 25th as witnesses requested by Holt; (11) *another amendment of his original petition filed September 25, 1968,* reciting as an additional ground that in his trial the court overruled his objection to admission of the confession of his co-defendant Joe Beard, and to the evidence about the oral confession of his co-defendant George Lollar implicating him, and that the court instructed the jury not to consider those confessions against Holt, and that Beard's and Lollar's failure to take the witness stand deprived him of the right to cross-examine them under the Confrontation Clause of the Sixth Amendment; (12) the same motion to dismiss, filed by the District Attorney General on January 11, 1968, included in the technical record of Holt's first post-conviction appeal above referred to; (13) the same order of dismissal entered on September 25, 1968 included in the record of his first post-conviction appeal above referred to, which dismissed the petition "because petitioner stated that he did not intend to testify in this hearing as to how his rights have been violated," and because of which this Court reversed and remanded by the above-mentioned opinion filed November 4, 1969; and (14) a written motion filed by Holt on June 30, 1971 reciting that he filed his post-conviction petition on August 31, 1967, that "nothing has transpired since he

was released from the penitentiary" and since the remand by this Court, and asking that "said petition be acted on as soon as feasible."

So, the stark facts now appearing in the technical record of Holt's present appeal, and which did not appear in the record of his first post-conviction appeal, show plainly that on September 25, 1968 he filed a second amendment to his original petition long after it had been finally dismissed by the judgment entered on January 29, 1968. Thus, nine months after his original petition had been dismissed and the judgment of dismissal had become final, Holt filed a purported amendment to a non-existent petition. And on the same day (September 25, 1968), apparently forgetting completely the order of January 29, 1968, the trial judge entered another order again purporting to dismiss the petition because Holt refused to testify, resulting in the first appeal to this Court and our reversal and remand already noted.

■ Obviously, it was altogether impermissible for Holt to file an amendment to a petition long since dismissed and non-existent. Plainly, his purported amendment was, therefore, void and the whole resulting proceeding in the trial court, including the purported dismissal order of September 25, 1968, was a complete nullity. Surely it is incontestable that a trial court has no authority to reopen and entertain a post-conviction petition after its own prior judgment dismissing the same petition has become final.

If these facts had appeared in Holt's first appeal to this Court, we would have had no alternative but to say what we have just said and dismiss it. We would have recognized immediately the effect and result of the ineludible fact that when the judgment of dismissal entered on January 29, 1968 became final the original petition expired and could not thereafter be revivified by amendment. That result is unchangeable.

Accordingly, for the reasons stated the judgment of the trial court is affirmed.

RUSSELL, J., and JOHN D. TEMPLETON, Special Judge, concur.