**Eugene HARRIS, Petitioner,**

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

Feb. 13, 1976.

Certiorari Denied by Supreme Court June 7, 1976.

Richard K. Evans, Kingston, for petitioner.

R. A. Ashley, Jr., Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, Richard Fisher, Dist. Atty. Gen., Cleveland, for respondent.

O'BRIEN, Judge.

OPINION

This is an appeal from dismissal of a post-conviction petition without an evidentiary hearing.

A history of past criminal proceedings involving this defendant is essential to a proper determination of this case.

This petitioner was originally convicted of first degree murder in the early 1950's. Some seventeen years later he was paroled from prison on this sentence. On August 31st, 1972, he was convicted of simple assault in McMinn County. This conviction resulted in assessment of a five hundred

dollar ($500.00) fine and a sentence of eleven months and twenty-nine days in the McMinn County Jail. The trial judge gave defendant credit for three hundred forty days jail time prior to trial, and suspended the balance of the sentence. This conviction was affirmed by the Court of Criminal Appeals on March 12, 1973 (cert. denied Aug. 6, 1973). According to the pro se petition for post-conviction relief, petitioner was returned to the State Penitentiary on October 13th, 1971, for parole violation without benefit of a hearing of any kind. While serving the sentence imposed pursuant to his original first degree murder conviction, petitioner was again convicted on May 15th, 1973, for second degree murder as the result of a stabbing incident at the penitentiary. The sentence for this conviction was not less than ten nor more than twenty years to be served consecutively to his original conviction. The conviction was affirmed by this court on April 9th, 1974 (cert. denied June 17th, 1974).

The post-conviction petition, although containing many extraneous matters, alleged several abridgments of constitutional rights, among which was inadequacy of counsel for (1) failure to obtain witnesses requested by the defendant, (2) failure to challenge a juror who was acquainted with petitioner and also with the facts of the case, and another juror whose hearing was defective so that he could not hear the evidence.

The pro se petition is inexpertly drafted and does not comply with the provisions of T.C.A. Sec. 40–3804.

The record shows that the petition was filed on December 30th, 1974, and contains an order dated March 15th, 1975, which reads as follows:

"In this cause, the petitioner Eugene Harris has filed many petitions seeking release and continues to file petitions very frequently in this cause.

The Court has previously ruled and does now rule that the said Eugene Harris is presently serving a sentence imposed upon him in some other jurisdiction for a crime committed while in the penitentiary and he is not serving the sentence in the above styled cause and that his petitions for post conviction relief are prematurely brought and are thus dismissed. It is therefore ordered that the petitions entered in this cause by the said Eugene Harris are hereby dismissed and for nothing held.

Done on this the 15th day of March, 1975."

A second order dated May 2nd, 1975, is as follows:

"In this cause, the petitioner Eugene Harris has filed many petitions seeking release and continues to file petitions very frequently in this cause.

The Court has previously ruled and does now rule that the said Eugene Harris is presently serving a sentence imposed upon him in some other jurisdiction for a crime committed while in the penitentiary and he is not serving the sentence in the above styled cause and that his petitions for post conviction relief are prematurely brought and are thus dismissed. It is therefore ordered that the petitions entered in this cause by the said Eugene Harris are hereby dismissed and for nothing held, and the clerk is instructed to return all future petitions offered for filing until further orders of this Court."

This petitioner effected an appeal on his own behalf in this case. The record, which contains in pertinent part only the various pleadings filed by petitioner, the answer of the State to the original petition, and the two orders heretofore set out, was transmitted to this Court where counsel was appointed for petitioner.

The brief on behalf of defendant contains two assignments of error:

(1) That the trial court did not comply with the statutory provisions of T.C.A. Sec. 40–3809, and T.C.A. Sec. 40–3804.

(2) That the trial court erred in denying an evidentiary hearing to determine whether appellant was denied effective assistance of counsel in abrogation of his constitutional rights.

The State resists the petition on the premise that T.C.A. Sec. 40–3802 requires that the petition be filed, "before the sentence has expired or has been fully satisfied"; and that T.C.A. Sec. 40–3803 requires that the petition be filed, "with the clerk of the court where the conviction occurred", conceding however that our appellate courts have held that a petition for post-conviction relief shall not be dismissed for mootness when the consequences related in the petition may continue to effect a petitioner adversely. *Daugherty v. State*, 4 Tenn.Cr.App. 355, 470 S.W.2d 865; *Parton v. State*, 483 S.W.2d 753 (Tenn.Cr.App. 1972), cert. denied, 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122; *Holt v. State*, 489 S.W.2d 845, (Tenn.Cr.App.1972).

The petition alleges numerous collateral legal consequences which have been imposed and unquestionably have affected petitioner on the basis of the challenged conviction. He says his parole on his previous conviction was revoked without a hearing. He alleges adverse administrative action against him in prison as a result of his conviction. Later pleadings filed indicate a denial of relief on a federal habeas corpus proceeding until State remedies are exhausted. Whether or not these allegations can be sustained after compliance with T.C.A. Sec. 40–3804 is a matter which must first be determined in the trial court.

There can be no question that petitioner did not have an opportunity to raise the questions contained in his petition before his sentence had expired. His sentence was completed for all intents and purposes before his trial was concluded. The sentence has not been fully satisfied until all collateral legal consequences are obviated. Counsel has already been appointed by this court. The cause is remanded for amendment of the petition to conform with the requirements of T.C.A. Sec. 40–3804. When the petition has been competently drafted and all pertinent pleadings, files and records of the case are filed, the trial court is directed to consider it in accordance with T.C.A. Sec. 40–3809 and in compliance with T.C.A. Sec. 40–3818.

Any appeal taken from the trial court's judgment will be in conformance with T.C.A. Sec. 40–3822.

RUSSELL and DWYER, JJ., concur.