**STATE of Tennessee, Petitioner,**

v.

**Ray McCRAW, Respondent.**

Supreme Court of Tennessee.

June 6, 1977.

Brooks McLemore, Jr., Atty. Gen., Michael E. Terry, Asst. Atty. Gen., Nashville, for petitioner.

Paul W. Sorrick, Jr., Chattanooga, for respondent.

## OPINION

FONES, Justice.

In 1970, appellant was convicted of extortion and sentenced to serve two (2) years in the penitentiary. He did not appeal this conviction. After fully completing his sentence in 1972, appellant moved to Georgia. Because of his felony conviction in this state, local election officials in Georgia refused to allow him to vote.

Appellant has now brought this suit under the Post-Conviction Relief Act, T.C.A. § 40–3801 et seq., alleging constitutional infirmities in the conduct of his trial, and contending that he suffers civil disabilities as a result of his conviction. Upon motion of the State the trial judge in this case dismissed plaintiff's action after finding that he was no longer in prison or on parole and thus no longer "in custody" as required by T.C.A. § 40–3802. The trial judge further observed in his order that it does not appear that there was "any judgment of infamy or disenfranchisement in the sentence giving rise to this petition."

The Court of Criminal Appeals reversed the trial court's dismissal finding that ". . . the petitioner is still in custody because he continues to suffer substantial and important collateral consequences of his conviction over and above his sentence to imprisonment." These consequences are apparently petitioner's inability to vote in Georgia.

T.C.A. § 40–3802 provides:

"A prisoner in custody under sentence of a court of this state may petition for post-conviction relief under this chapter at any time after he has exhausted his appellate remedies or his time for appeal in the nature of a writ of error has passed and before the sentence has expired or has been fully satisfied."

This is a case of first impression in this Court. The Court of Criminal Appeals in prior decisions has given very liberal construction to the term "in custody." See e. g., *Holt v. State,* 489 S.W.2d 845 (Tenn.Cr. App.1972); *Parton v. State,* 483 S.W.2d 753 (Tenn.Cr.App.1972); *Daugherty v. State,* 4 Tenn.Cr.App. 355, 470 S.W.2d 865 (1971).

In *Holt,* the Court acknowledged that the petitioner had completed his entire sentence but still felt obligated to consider the petition stating:

"However, because burglary and larceny are infamous crimes in this State (TCA § 40–2712) and may also be charged and proved as prior convictions in a prosecution under the Habitual Criminal Statute (TCA § 40–2801 et seq.), which unquestionably are substantial and important collateral consequences of his conviction over and above his sentence to imprisonment, his discharge upon expiration of that term does not disentitle him to question the validity of his conviction . . . ." 489 S.W.2d at 846, 847.

In *Daugherty,* the Court did not bother to mention any actual civil disabilities but rather stated that it would review a petition for post-conviction relief after all punishment had been served simply because of the presence of a conviction on petitioner's record. However, the conviction in *Daugherty,* like *Holt,* was for a crime that rendered the convicted defendant infamous.

The Court of Criminal Appeals has relied on two United States Supreme Court cases in support of their opinions: *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) and *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1965).

In *Carafas* the Supreme Court ruled that a petition for habeas corpus was not mooted simply because the petitioner had fully served his sentence. In reaching this conclusion the Court overruled *Parker v. Ellis,* 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960) which had held that the Court could not proceed to adjudicate the merits of the petition after the prisoner was released because the federal habeas corpus statute required that the applicant "be in custody." The Court in *Carafas* observed the inequity of *Parker* stating:

> "It is clear that petitioner's cause is not moot. In consequence of his conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror. Because of these 'disabilities or burdens [which] may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' *Fiswick v. United States,* 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196, 203 (1946)." 391 U.S. at 237, 88 S.Ct. at 1559.

In *Sibron,* the Court went further in declaring that the mere serving of a sentence did not prevent a collateral attack on the conviction. After mentioning possibilities that the existence of a conviction could impeach the petitioner's character at any future criminal trial or be used as a basis for infliction of greater punishment on petitioner as a multiple offender should he be convicted at a later trial, the Court held that " . . . a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." 392 U.S. at 57, 88 S.Ct. at 1900.

■ On the basis of these two cases the Court of Criminal Appeals was correct in construing the term "in custody" to mean any possibility of restraint on liberty.

■ The State urges that even if "in custody" means more than presence in prison, or on parole, the petitioner is still not entitled to relief because of the limitation in T.C.A. § 40–3802 that a post-conviction petition may be brought, "before the sentence has expired or has been fully satisfied." The Court of Criminal Appeals held that this argument would "produce a ludicrous result; the petitioner would be 'in custody' under T.C.A. § 40–3802 but without means of obtaining relief . . . ." We agree.

The judgment of the Court of Criminal Appeals is affirmed and the case remanded to the trial court for a hearing on the merits of the petition.

COOPER, C. J., and HENRY and HARBISON, JJ., concur.

BROCK, J., dissents.

BROCK, Justice, dissenting.

I respectfully dissent.

I cannot stretch the language of T.C.A., § 40–3802, viz., "a prisoner in custody . . ." and " . . . before the sentence has expired or has been fully satisfied," far enough to reach the appellant, whose sentence expired and was fully satisfied and who was released from custody of the prison years before he filed this claim for relief under the Post-Conviction Procedure Act, T.C.A., § 40–3801, et seq.

The Legislature, in my opinion, has not extended the benefits of this Act to every person who has ever been convicted in the criminal courts of this State and who continues to suffer some detrimental effect from such conviction, apart from the sentence imposed, even effects imposed by the laws of another state, such as respondent's loss of the right to vote in Georgia. Instead, the Act is limited to "prisoner(s) in custody." *The American Heritage Diction-*

*ary of the English Language* defines "custody" as:

" . . . 2. The state of being kept or guarded. 3. The state of being detained or held under guard, especially by the police."

The same authority defines "prisoner" as:

"1. A person held in custody, captivity, or a condition of forcible restraint, especially while on trial or serving a prison sentence. 2. One deprived of freedom of action or expression."

Not only is the Act out of reach of the respondent because he is not a prisoner and is not in custody, the detriment which he suffers and upon the basis of which the majority finds a remnant of "custody," i. e., his ineligibility to vote in Georgia, is not imposed by his Tennessee sentence or otherwise by Tennessee law, but by the laws of Georgia.

Admittedly, the majority cites respectable authority from other jurisdictions, but, in my view, the question is purely one of legislative intent as expressed by the language of the statute, as to which court decisions of other jurisdictions involving different statutes are not persuasive.

Accordingly, I would reverse and dismiss the petition.