**Chester V. MONROE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

April 28, 1978.

Certiorari Denied by Supreme Court Aug. 14, 1978.

Roger D. Moore and Walter C. Kurtz, Knoxville, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., and James R. Dedrick, Asst. Dist. Atty. Gen., Knoxville, for appellee.

OPINION

TATUM, Judge.

The appellant, Chester V. Monroe, has appealed from the judgment of the Criminal Court of Knox County denying him post-conviction relief without an evidentiary hearing. The judgment is reversed.

After the State filed a proceeding against the appellant under the Motor Vehicle Habitual Offenders Act (T.C.A. §§ 59–2101— 59–2117), the appellant filed a petition for post-conviction relief. He charges that a judgment of conviction on his guilty plea for driving while intoxicated is void because his waiver of an attorney and to a jury trial was not knowingly, intelligently and voluntarily given.

In *Everhart v. State of Tennessee*, Tenn. Cr.App., 563 S.W.2d 795, filed January 10, 1978 at Knoxville, this court held that a collateral attack upon the validity of a conviction is impermissible in a proceeding to revoke driving privileges under the Motor Vehicle Habitual Offenders Act. This court further held that the Post-Conviction Relief Act (T.C.A. § 40–3801 *et seq.*) is available for the purpose of attacking the validity of a judgment. Also see *State v. McCraw*, 551 S.W.2d 692 (Tenn.1977); *Holt v. State*, 489 S.W.2d 845, 847 (Tenn.Cr.App.1972); *Daugherty v. State*, 4 Tenn.Cr.App. 355, 470 S.W.2d 865 (1971).

It was the contention of the State in the Criminal Court that since the appellant had paid his $50.00 fine and served his 24 hours jail sentence, the question of the validity of the judgment is now moot. It is true that a conviction for driving while intoxicated cannot render a party infamous, enhance punishment under the Habitual Criminal Act, jeopardize his right to vote or otherwise affect his civil rights. The only possible legal consequence of the conviction is to contribute to his loss of driving privileges, but this is sufficient to entitle the appellant to seek destruction of the conviction under the Post-Conviction Relief Act. *State v. McCraw, supra.*

In *Everhart v. State*, we held that a proceeding under the Motor Vehicle Habitual Offenders Act is civil in nature and not criminal. Therefore, a defendant is not entitled to the constitutional safeguards in a proceeding under the Motor Vehicle Habitual Offenders Act to which he is entitled in a criminal case. This is also true in a post-conviction relief proceeding filed for the sole purpose of aiding the defense in a proceeding under the Motor Vehicle Habitual Offenders Act.

The motion of the appellant to consolidate this case with CCA Number 485 is denied.

The judgment of the Criminal Court is reversed and the case is remanded to the Criminal Court of Knox County for an evidentiary hearing on the petition.

WALKER, J., and SAM LEWIS, Special Judge, concur.