IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 13, 2015

**BRANDON S. MASSENGILL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Claiborne County**
**No. 2014-CR-1971     E. Shayne Sexton, Judge**

---

**No. E2015-00501-CCA-R3-PC – Filed November 17, 2015**

---

The Petitioner, Brandon S. Massengill, appeals the Claiborne County Criminal Court's dismissal of his petition for post-conviction relief from his conviction for resisting arrest or stop and his six-month suspended sentence. The Petitioner contends that the post-conviction court erred by dismissing his petition on the ground that he was not in custody for purposes of the Post-Conviction Procedure Act. We reverse the judgment of the post-conviction court and remand the case for an evidentiary hearing on the merits of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of Criminal Court Reversed; Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and TIMOTHY L. EASTER, JJ., joined.

Troy L. Bowlin, II and Randall E. Reagan, Morristown, Tennessee, for the appellant, Brandon S. Massengill.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Jared Effler, District Attorney General; and Graham E. Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Although the appellate record does not contain the judgment of conviction, the Petitioner states in his petition for post-conviction relief that his conviction was the result of a road rage incident in which police officers responded to the Petitioner's home and "falsely arrested" him. The Petitioner's father was shot and killed by a Claiborne County Sheriff's Deputy, and the Petitioner was charged with resisting arrest or stop. On August 1, 2013, the

Petitioner pleaded guilty as charged and received a six-month suspended sentence. The sentence expired before the present petition was filed.

On July 29, 2014, the Petitioner filed a petition for post-conviction relief alleging that counsel provided ineffective assistance and that the Petitioner entered an unknowing, involuntary, and unintelligent guilty plea. On August 22, 2014, the State filed a motion to dismiss the petition and argued that the Petitioner was not in custody for purposes of post-conviction relief and that the relevant sentence expired in February 2014. *See* T.C.A. § 40-30-102(a) (2012) (stating a petitioner who is "in custody under a sentence of a court of this state" is required to file a post-conviction petition, in relevant part, within one year of the date on which the judgment becomes final).

At the hearing on the State's motion to dismiss, the prosecutor argued that the Petitioner was ineligible for post-conviction relief because he was not in custody for purposes of the statute and that the Petitioner's sentence expired months before the petition was filed. The prosecutor conceded that custody was not limited to incarceration but relied upon *State v. McCraw*, 551 S.W.2d 692 (Tenn. 1997), to support his claim that the Petitioner was not in custody for purposes of seeking post-conviction relief. Post-conviction counsel responded that the Petitioner was in custody because pursuant to *McCraw*, the Petitioner's conviction was a restraint on his liberty. Counsel argued the Petitioner's conviction could be used to enhance any sentence imposed as a result of a subsequent conviction. The Petitioner, likewise, argued that the conviction restrained his ability to "seek justice in the civil action" filed as a result of the Petitioner's father's death.

The post-conviction court dismissed the petition. It found that although the statute of limitations did not prevent the Petitioner's filing a post-conviction petition, "we must have a sentence to deal with to fully explore the ineffective assistance of counsel." The court found that a deprivation of liberty could take many forms, including the loss of the right to vote and the loss of a driver's license. The court found, though, that the main loss of liberty, or the "main detriment," to the Petitioner was "an inconvenient truth about a conviction or inconvenient plea." The court considered all the interests involved because of the unique circumstances and ultimately found that the "lack of sentence prevail[ed]" and that the court had "nothing . . . to regress." The court found that the effect of the conviction did not rise to the level of a liberty protected by the state and federal constitutions.

On appeal, the Petitioner contends that the post-conviction court erred by dismissing his petition. He argues that although he was not in confinement and his sentence had expired, he was in custody for purposes of seeking post-conviction relief and is entitled to an evidentiary hearing. The State agrees with the Petitioner and concedes that the post-conviction court erred by dismissing the petition.

The Post-Conviction Procedure Act states, in relevant part, that "a person *in custody* under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year . . . of the date on which the judgment became final[.]" T.C.A. § 40-30-102(a) (2012) (emphasis added). Our supreme court has concluded that "in custody" in the context of post-conviction relief "mean[s] any possibility of restraint on liberty." *McCraw*, 551 S.W.2d at 694; *see Albert v. State*, 813 S.W.2d 426, 427 (Tenn. 1991). The in custody requirement has been "liberally construed to permit collateral review of an allegedly unconstitutional conviction, whether or not the . . . petitioner is in fact in custody, if such petitioner is still suffering under a direct or concomitant disability due to the conviction." *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987).

Our supreme court also has concluded that a judgment of conviction "may be used as a basis for infliction of [future] greater punishment" and that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Id.* (internal quotation marks and citation omitted). As a result, a petition for post-conviction relief is permitted to attack collaterally an expired sentence when "the challenged conviction is used to enhance punishment." *Id.*; *see Daughtery v. State*, 470 S.W.2d 865, 865 (Tenn. Crim. App. 1971); *see also McCraw*, 551 S.W.2d at 694 (concluding that the expiration of a sentence does not bar a petitioner's filing a post-conviction petition).

We conclude that the Petitioner was in custody for purposes of seeking post-conviction relief and that although his sentence has expired, the conviction continues to impose a restraint on his liberty. The record reflects that the Petitioner pleaded guilty to misdemeanor resisting arrest or stop. *See* T.C.A. § 39-16-602(d) (2014). As a result, the conviction may be used against the Petitioner as a basis to enhance any subsequent sentence. *See* T.C.A. § 40-35-114(1) (stating a sentence may be enhanced on the basis that a "defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range"). In *Jerry C. Pendergrass v. State*, No. 03C01-9403-CR-00086, 1995 WL 621121, at *1 (Tenn. Crim. App. Oct. 23, 1995), this court concluded that the petitioner satisfied the in custody requirement for seeking post-conviction relief when his six sentences had been fully served because the convictions were "enhancement factors for any future convictions."

Based on the foregoing, the judgment of the post-conviction court is reversed, and the case is remanded to the post-conviction court for an evidentiary hearing.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

-3-