IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 8, 2017

## PATRICK L. MALIANI v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2011-B-1084     J. Randall Wyatt Jr., Judge**

———

**No. M2017-00265-CCA-R3-PC**

———

The Petitioner, Patrick L. Maliani, appeals as of right from the Davidson County Criminal Court's denial of his petition for post-conviction relief. The Petitioner contends that he received ineffective assistance of trial counsel because trial counsel failed to raise a hearsay objection to a portion of a witness' testimony. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, Patrick L. Maliani.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Adeline B. Askew, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

The Petitioner was charged with two counts of selling less than 0.5 grams of cocaine. State v. Patrick L. Maliani, No. M2012-01927-CCA-R3-CD, 2013 WL 3982156, at *1 (Tenn. Crim. App. Aug. 5, 2013), perm. app. denied (Tenn. Dec. 11, 2013). Following a jury trial, the Petitioner was convicted of one count and acquitted of the other. Id. The trial court imposed a six-year sentence for the conviction. Id.

The facts underlying the Petitioner's conviction were that a confidential informant arranged to purchase cocaine from the Petitioner's co-defendant. Maliani, 2013 WL

3982156, at *5.  The investigating officer testified at trial that the confidential informant told her that the co-defendant agreed to the deal and that the co-defendant said  that she could get cocaine from "her man."  Id.  At the appointed time, the Petitioner and the co-defendant arrived at the agreed upon location in the Petitioner's car.  Id.

The co-defendant exited the car and gave less than 0.5 grams of cocaine to the confidential informant in exchange for forty dollars.  Maliani, 2013 WL 3982156, at *5.  While the exchange occurred, the Petitioner got out of the car and began "looking around" in a manner that made the investigating officer believe that the Petitioner "was acting as a 'look-out' during the drug transaction."  Id.

Based upon the foregoing, the jury convicted the Petitioner of selling less than 0.5 grams of cocaine.  Maliani, 2013 WL 3982156, at *7.  On direct appeal, a panel of this court held that the evidence was sufficient to prove that the Petitioner "was criminally responsible for the sale of less than 0.5 grams of cocaine," citing the Petitioner's "presence and companionship with [the co-defendant] before and after the commission of the offense, along with his actions during the offense."  Id. at *16.  Our supreme court declined to review this court's decision on direct appeal.

The Petitioner filed a timely pro se petition for post-conviction relief.  An attorney was appointed to represent the Petitioner, and an amended petition was filed, alleging that trial counsel was ineffective for failing to raise a hearsay objection to the investigating officer's testimony that the co-defendant had told the confidential informant that she could get cocaine from "her man."[1]

A post-conviction hearing was held at which trial counsel was the only witness.[2] Trial counsel testified that he challenged the statement about the co-defendant's "man" in a motion in limine, arguing that it was inadmissible character evidence.  The trial court denied the motion.  Trial counsel admitted that he did not object to the statement as being inadmissible hearsay.

Trial counsel explained that he did not raise a hearsay objection because he did not think it would assist his trial strategy.  According to trial counsel, his strategy was to attack the investigating officer's identification of the Petitioner.  Trial counsel noted that this strategy worked on the second charge, which the Petitioner was acquitted of.  Trial

---

[1] The petitions raised other grounds for post-conviction relief.  However, this issue was the main issue addressed at the post-conviction hearing and is the only issue raised on appeal.

[2] During the pendency of the post-conviction proceeding, the Petitioner was deported to Uganda.  The State filed a motion to dismiss the post-conviction petition for mootness because the Petitioner was no longer in the country.  The post-conviction court denied the motion to dismiss.  A post-conviction claim will not be moot so long as there is "any possibility of restraint on liberty" as a result of the challenged conviction.  State v. McCraw, 551 S.W.2d 692, 694 (Tenn. 1977).

counsel testified that he "made the argument" that the Petitioner was not the "man" referred to by the co-defendant. Ultimately, trial counsel believed that the jury convicted the Petitioner because he "drove [the co-defendant] there" and the jury thought that made the Petitioner "criminally responsible."

The post-conviction court issued a written order denying post-conviction relief. The post-conviction court concluded that trial counsel was not ineffective for failing to raise a hearsay objection. The post-conviction court held that trial counsel's decision was "precisely the sort of . . . tactical decision that is not to be second-guessed on post-conviction review." The post-conviction court also concluded that the Petitioner was not prejudiced by trial counsel's decision because the jury heard evidence about the co-defendant's getting cocaine from "her man" with respect to the second charge and acquitted the Petitioner.

## ANALYSIS

The Petitioner contends that the post-conviction court erred in denying his petition. The Petitioner argues that the co-defendant's statement was "the only piece of evidence that directly linked [the Petitioner] to the cocaine recovered from the drug transaction." The State responds that trial counsel provided effective assistance and that the Petitioner has failed to show that he was prejudiced by trial counsel's decision not raise a hearsay objection.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id. However, we review the post-conviction court's application of the law to its factual findings de novo with no presumption of correctness. Id. at 457.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger, 279 S.W.3d at 293 (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the

deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In reviewing a trial counsel's conduct, we make every effort to "'eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" Felts v. State, 354 S.W.3d 266, 277 (Tenn. 2011) (quoting Strickland, 466 U.S. at 689). "The fact that a particular strategy or tactical decision failed does not by itself establish deficiency." Id. (citing Goad, 938 S.W.2d at 369).

Here, trial counsel testified that he challenged the co-defendant's statement prior to trial on a different legal theory and was unsuccessful. Trial counsel also testified that he did not raise a hearsay objection at trial because he was focused on attacking the investigating officer's identification of the Petitioner. As such, trial counsel had reasonable tactical grounds for not raising a hearsay objection, and we will not second-guess that decision at this juncture. Furthermore, the Petitioner has failed to demonstrate that he was prejudiced by trial counsel's decision in light of the fact that there was other evidence that this court found sufficient to prove that he was criminally responsible for the drug sale. Accordingly, we conclude that the post-conviction court did not err in denying the petition.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-