STATE OF TENNESSEE ex rel. J. C. LEACH

*v.*

HARRY AVERY, Commissioner, Department of
Corrections, et al.

387 S.W.2d 346.

(*Knoxville,* September Term, 1964.)

Opinion filed November 12, 1964.

Petition for Rehearing Denied March 4, 1965.

ROGERS KIVETT, Tazewell, for State of Tennessee, ex rel. J. C. Leach.

GEORGE F. MCCANLESS, Attorney General, WILLIAM H. LASSITER, JR., Assistant Attorney General, for Harry Avery et al.

MR. JUSTICE DYER delivered the opinion of the Court.

This is an appeal from the decree of the Chancery Court of Claiborne County dismissing, upon demurrer, the petition for writ of habeas corpus filed by relator, J. C. Leach against Harry Avery, Commissioner of Corrections for the State of Tennessee and the Warden of Brushy Mountain State Prison located at Petros, Tennessee. Relator is being held in Brushy Mountain under a sentence of one to five years imposed by the Criminal Court of Claiborne County for felonious assault.

The Assistant Attorney General calls our attention to the following facts. Petros, (where relator is held) is 76 miles from Tazewell, (where the petition for habeas

corpus was filed). Petros is about 46 miles from Jacksboro; 34 miles from Kingston; and 38 miles from Knoxville. This Court can take judicial notice of these facts and further take judicial notice of the fact there are located in Knoxville, Jacksboro and Kingston courts authorized to hear petitions for writs of habeas corpus.

Section 23-1805, T.C.A. reads as follows:

"The application (for writ of habeas corpus) should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." 23-1805.

This statute requires one filing a petition for writ of habeas corpus to do so with a court or judge nearest him, which would generally mean within the county, unless sufficient reason be given in the petition for not doing so.

The relator in the case at bar did not file his petition in the county where he was being held, nor before a court or judge nearest him in point of distance; nor did he give any reason in his petition for not doing so. Such being the case the writ should have been dismissed. For the reason given in this opinion the judgment of the Chancellor in dismissing the writ is affirmed.

On Petition to Rehear

J. C. Leach has filed a petition to rehear on the ground we ruled on only one phase of the case.

The demurrer filed to this petition for habeas corpus contained four grounds. The Chancellor in sustaining the demurrer did so on two of the grounds alleged and made no comment as the other two grounds. This was

correct since the two grounds of the demurrer sustained made a final determination of the matter in the trial court. In our original opinion we sustained the action of the Chancellor, but upon other grounds than those used by the Chancellor, which are in the original opinion. Since our action is a final determination of the case it would be unnecessary to determine other phases of the case.

The petition to rehear is denied.