# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## DEXTER FRANK JOHNSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 247583    Stephen M. Bevil, Judge**

---

**No. E2004-01260-CCA-R3-HC - Filed September 2, 2004**

---

The petitioner, Dexter Frank Johnson, appeals the dismissal of his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the action of the trial court pursuant to Rule 20, Tenn. Ct. Crim. App. R. The petition fails to present a cognizable claim for habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J.,  and JAMES CURWOOD WITT, JR., J., joined.

Dexter Frank Johnson, Henning, Tennessee, pro se.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; William H. Cox, III, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In affirming the denial of a previous habeas corpus petition, this court set forth the history of the petitioner's underlying convictions as follows:  On February 11, 1994, the petitioner entered guilty pleas to two counts of first degree murder, criminal attempt to commit first degree murder, and criminal attempt to commit aggravated robbery. The appellant received two life sentences for the murder convictions, twenty-five years for the attempted murder conviction and six years for the attempted aggravated robbery conviction. These sentences were ordered to be served concurrently. See Dexter Johnson v. State, No. 03C01-9707-CR-00241 (Tenn. Crim. App. Feb. 2, 1999), app. denied (Tenn. June 14, 1999).  The petitioner filed a petition for post-conviction relief, asserting that his guilty pleas were not voluntarily made.  The trial court denied relief, and this court affirmed the judgment on appeal.  See Dexter Johnson v. State, No. 03C01-9503-CR-00088 (Tenn. Crim. App. Feb. 6, 1996), app. dismissed (Tenn. Nov. 9, 1998).

On December 22, 2003, the petitioner filed the instant, second, pro se petition seeking a writ of habeas corpus in the Criminal Court for Hamilton County.  The petitioner asserted only a claim

of ineffective assistance of counsel, alleging that his trial counsel conspired with the prosecutor by having another defendant wear a wiretap in an effort to obtain evidence regarding charges to which the petitioner ultimately pleaded guilty. The trial court noted that the petition did not include a copy of the judgment being challenged, failed to state whether it was the first application for the writ, and did not state the petitioner's place of incarceration.[1] Further finding that the petition failed to state a valid habeas corpus claim, the court summarily denied relief. In support of its motion for summary affirmance, the state submits that the trial court properly denied the petition on procedural grounds and for lack of merit.

The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W. 2d 157, 163 (Tenn. 1993) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968)). Habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired. Archer, 851 S.W.2d at 164. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Initially, the petitioner has failed to comply with the procedural requirements for habeas corpus relief. The petitioner failed to include in support of his petition a copy of the judgment by which he is being restrained and he has offered no explanation for his failure to do so. See Tenn. Code Ann. § 29-21-107(b)(2). Similarly, the petitioner has provided no reason for filing his petition in a court other than the court located closest in point of distance to him. See Tenn. Code Ann. § 29-21-105. As observed by the trial court, and as his brief on appeal also reflects, it appears that the petitioner is presently incarcerated in the West Tennessee State Penitentiary in Henning, Tennessee. This court may take judicial notice of the fact that that facility is located in Lauderdale County, Tennessee, which county is closer in distance to the petitioner than Hamilton County, Tennessee, where the petition was filed. State ex rel. Leach v. Avery, 215 Tenn. 425, 426-27, 387 S.W. 2d 346, 347-48 (1964), reh'g denied (Tenn. Mar. 4, 1965). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. The failure to comply with statutory requirements for relief provides a proper basis for dismissal of the petition.

Moreover, the petitioner has alleged neither a facially invalid judgment nor an expired sentence. A claim of ineffective assistance of counsel, if proven, would render the challenged judgments voidable rather than void and therefore does not present a cognizable claim for habeas corpus relief. See Passarella, 891 S.W. 2d at 627; Luttrell v. State, 644 S.W. 2d 408, 409 (Tenn.

---

[1] The trial court noted, however, that the return address on the envelope of the submitted petition indicated that the petitioner was incarcerated in Henning, Tennessee.

Crim. App. 1982). The "authorized avenue for attacking a voidable judgment is a petition for post-conviction relief." <u>State v. McClintock</u>, 732 S.W.2d 268, 272 (Tenn. 1987). As noted, however, the petitioner has previously exercised his right to seek post-conviction relief. The petition for habeas corpus relief was properly denied for lack of merit.

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE