IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## SAMMIE EUGENE RICE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Putnam County**
**No. 90-0398     Leon Burns, Jr., Judge**

---

**No. M1998-00083-CCA-R3-PC - Decided April 20, 2000**

---

The petitioner filed a petition for writ of habeas corpus, claiming that it was double jeopardy for him to be sentenced, following his guilty pleas, to both second degree murder and assault with intent to commit second degree murder, because only one person was killed. However, the records from his previous petitions for post-conviction relief show that he pled guilty to killing his wife and attempting to kill his wife's brother. Based upon our review, we conclude that there was no basis for granting relief and affirm the judgment of the trial court.

**Tenn. R. App. P.  3; Judgment of the Criminal Court is Affirmed.**

GLENN, J., delivered the opinion of the court, in which RILEY, J., and WITT, J., joined.

Sammie Eugene Rice, N.E.C.C., Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Kathy Morante, Deputy Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner, Sammie Eugene Rice, appeals the order of the Putnam County Criminal Court denying his "Petition for Writ of Habeas Corpus, Or, In The Alternative, Motion to Dismiss Illegal Sentence, and Re-Sentence According to Law" without a hearing and appointment of counsel. After reviewing the record before this court, we affirm the judgment of the trial court.

Following his guilty pleas on June 25, 1991, the petitioner was sentenced to twenty-five years in the Department of Correction for the second degree murder of his wife and twelve years for assault of his wife's brother with intent to commit second degree murder. The sentences were ordered to be served consecutively for an effective sentence of thirty-seven years. The sentences and the method the sentences were to be served were pursuant to a plea bargain agreement. No direct appeal was taken from these judgments. On October 24, 1991, the petitioner filed a petition seeking post-conviction relief. The trial court appointed counsel to represent the petitioner, and a full evidentiary hearing was held. Petitioner presented two issues: (1) that he received ineffective

assistance of counsel; and (2) that his guilty pleas were not voluntarily entered. This court affirmed the judgment of the post-conviction court denying the petition. See Sammie Eugene Rice v. State, No. 01C01-9308-CC-00252, 1993 WL 503706 (Tenn. Crim. App., Nashville, Dec. 9, 1993), perm. app. denied (Tenn. April 4, 1994).

Petitioner filed a second petition for post-conviction relief on July 20, 1998, which the post-conviction court dismissed on August 14, 1998, without a hearing and without the appointment of counsel on the grounds that it was time-barred and that there were no legitimate grounds to reopen the petition based on the stated allegations. No appeal was taken from this denial. On August 30, 1998, petitioner filed, with the Putnam County Criminal Court, the motion styled "Petition For Writ of Habeas Corpus, Or, In The Alternative, Motion To Dismiss Illegal Sentence, and Re-Sentence According to Law." That petition was dismissed without a hearing on September 29, 1998. Petitioner appealed this dismissal on October 23, 1998. It is this appeal that is presently before this court. After numerous delays in locating records, all briefs were filed by February 4, 1999.

We note at the outset that a habeas corpus petition must be filed in the court nearest the applicant. See Tenn. Code Ann. § 29-21-105. This is usually the county where the prisoner is incarcerated unless sufficient reason be given in the petition for not doing so. See State ex rel. Leach v. Avery, 215 Tenn. 425, 387 S.W.2d 346 (1964). Petitioner filed his petition in Putnam County while incarcerated temporarily in the Nashville Community Service Center in Davidson County. He was later moved to Johnson County and then to the Turney Center in Hickman County. Petitioner stated that he filed his application with the Putnam County Criminal Court because of uncertainty about his destination.

The right to seek habeas corpus relief is guaranteed by Article I, Section 15 of the Constitution of the State of Tennessee. Procedures applicable to seeking the writ are codified at Tennessee Code Annotated Sections 29-21-101 to -130. In Tennessee, grounds upon which habeas corpus relief will be granted are very narrow. The writ will issue "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 336-37 (1868). Therefore, a habeas corpus petition may only be utilized to successfully contest void, as opposed to simply voidable, judgments. See Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired. See Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998).

The petitioner asserts in his brief that his punishments for both second degree murder and assault with intent to commit second degree murder represent double jeopardy and are, therefore, illegal, because only one victim was killed. Although the record before this court does not contain the indictment or judgment, thus precluding adequate review, the record previously before this court in petitioner's first petition for post-conviction relief indicates that there were in fact two victims: (1) his wife, for whose death petitioner was sentenced to twenty-five years; and (2) his wife's

brother, for whose assault with intent to commit second degree murder petitioner was sentenced to twelve years. Therefore, we conclude that the sentences for these two crimes were legal, and therefore, the convicting court had jurisdiction to render judgment.

<u>                                      </u>

<u>                                      </u>

<u>          </u>