IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 19, 2010

**STEVEN DOUSAY v. DWIGHT A. BARBEE, WARDEN**

**Direct Appeal from the Circuit Court for Williamson County**
**No. 09451     Timothy L. Easter, Judge**

---

**No. M2009-01841-CCA-R3-HC - Filed July 27, 2010**

---

The Petitioner, Steven Dousay, pled guilty in Williamson County to theft over $10,000, and the trial court  sentenced him to six years in the Tennessee Department of Correction.  He filed a petition in the Williamson County Circuit Court for a writ of habeas corpus, which the habeas corpus court dismissed.  The Petitioner appeals , and,after a review of the record in this case, we conclude the habeas court properly dismissed the petition for habeas corpus relief.  Accordingly, we affirm its judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Steven Dousay, Pro se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; and Lacy Wilber, Assistant Attorney General, Kim R. Helper, District Attorney General, and Mary Katherine White, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts & Procedural History**

When the Petitioner pled guilty to the crime underlying this appeal, he was already serving a sentence from a 2003 Davidson County conviction.  In his petition for a writ of habeas corpus, which the Petitioner filed in Williamson County, he claimed that he pled guilty in this case with the understanding that he would serve his six-year sentence in the CCA Metropolitan Detention Center ("CCA") rather than the Tennessee Department of

Correction, because, in CCA, he could earn sentence reduction credits. The trial court ordered him to serve his sentence in the Tennessee Department of Correction. The Petitioner claimed that, because he pled guilty with the understanding that he would be sent to CCA, his plea was not knowing and voluntary and that, therefore, his sentence is void.

The Petitioner's petition was filed in Williamson County. The State, however, moved to dismiss his petition for failure to file with "the court or judge most convenient in point of distance to the applicant" as required by Tennessee Code Annotated section 29-21-105 because the Petitioner is currently serving his sentence in Davidson County, not Williamson County. The Petitioner filed a response to the State's motion, explaining that he filed in Williamson County rather than Davidson County where he is currently incarcerated, because "the records are available and easier to access in the trial court and [it] is more cost effective to the tax payers to hear the case [in Williamson County] rather than filing in another county and having the burden of transferring them to another county court." The habeas court dismissed the petition, agreeing with the State that Williamson County was not the proper venue for the Petitioner's petition.

## II. Analysis

On appeal, the Petitioner contends that the habeas court improperly dismissed his petition, because, given "the extensive amount of records that were involved," he properly filed his petition in the Williamson County Circuit Court. He also argues that the habeas court erred when it failed to transfer his petition to the Davidson County Criminal Court. As to the substance of his petition, the Petitioner argues his sentence is void because it is the result of a plea that was not knowing and voluntary. He also argues that the entry of his unknowing and involuntary plea violated his right to due process.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. § 29-21-101 (2006) *et seq*. The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a

2

claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83; *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

Further, a petition for the writ of habeas corpus must comply with several strict procedural requirements. One such procedural requirement is that "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." T.C.A. § 29-21-105 (2006). Filing with the nearest court or judge generally means the county where the petitioner is being held, unless a sufficient reason is given for not doing so. *Carter v. Bell*, 279 S.W.3d 560, 562-63 (Tenn. 2009) (citing *State ex rel. Leach v. Avery*, 215 Tenn. 425, 387 S.W.2d 346, 347 (1964)); *also see Paul Barnett v. State*, No. E1999-01583-CCA-R3-CD, 2000 WL 782048, at *4 (Tenn. Crim. App., at Knoxville, June 20, 2000) ("[W]hether the location of the witnesses and relevant documents in a different county justifies filing a habeas corpus petition in that county should be a case-by-case determination."), *no Tenn. R.App. P. 11 application filed*. A habeas court may dismiss a petition for habeas corpus relief that fails to comply with this procedural requirement. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004); *James M. Grant v. State*, No. M2006-01368-CCA-R3-HC, 2006 WL 2805208, at *3 (Tenn. Crim. App., at Nashville, Oct. 2 2006), *no Tenn. R. App. P. 11 application filed*.

In the case under submission, the Petitioner, who is incarcerated in Davidson County, filed his petition in Williamson County, which is not the court "most convenient in point of distance to the [Petitioner]." T.C.A. § 29-21-105. The Williamson County Circuit Court's entry of the Petitioner's judgment and sentence does not alone enable the Petitioner to file his petition in Williamson County rather than Davidson County. *See* T.C.A. § 29-21-105; *Carter v. Bell*, 279 S.W.3d at 563. To allow a petitioner in each case to file his or her petition for habeas corpus relief in the county of conviction would undermine the jurisdictional and procedural requirements of Tennessee Code Annotated section 29-21-105. The Petitioner's claims are based solely upon interpretation of the law and do not require documents, other than the Petitioner's judgment, more accessible to the sentencing court. We conclude that the Williamson County Circuit Court is not the proper venue for the Petitioner's petition and that it, therefore, properly dismissed his petition. As such, he is not entitled to relief.

Even assuming the Petitioner filed in an appropriate venue, the habeas corpus court properly dismissed his petition on its merits. The Petitioner's claim for habeas corpus relief is based upon his claim that his guilty plea was not knowing and voluntary. The dismissal of the petition by the habeas corpus court was proper because allegations relating to the voluntariness of a guilty plea would not render the judgment of conviction void, but merely voidable, and voidable convictions are not cognizable in a habeas corpus proceeding. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App.1994); *Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982). Furthermore, if the petition were treated as one for post-conviction relief, relief would be barred because the petition was filed well beyond the one-year statute of limitations period afforded a post-conviction petitioner. T.C.A. § 40-30-102(a) (2009). Thus, we conclude that the habeas court properly dismissed the Petitioner's petition for a writ of habeas corpus.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we conclude that the Petitioner filed his petition for habeas corpus relief in an improper venue and further that his petition lacks merit. As such, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE