# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 20, 2014

## STATE OF TENNESSEE v. MARVIN MAGAY JAMES GREEN

**Appeal from the Criminal Court for Sullivan County**
**Nos. S52556, C62863, C62974     R. Jerry Beck, Judge**

---

**No. E2013-02425-CCA-R3-CD - Filed June 30, 2014**

---

Marvin Magay James Green ("the Defendant") pleaded guilty to several offenses, including possession with intent to sell or deliver .5 grams or more of cocaine within 1000 feet of a school zone ("the cocaine conviction"). The trial court sentenced the Defendant to fifteen years of incarceration for the cocaine conviction, to be served at 100%. The Defendant subsequently filed motions, a petition for post-conviction relief, and a petition for writ of habeas corpus, all attacking the cocaine conviction and sentence. The trial court consistently denied relief, and the Defendant appealed. This Court consolidated the Defendant's appeals. Upon our thorough review of the record and applicable law, we conclude that the Defendant is entitled to no relief. We also have determined that the judgment order entered on the cocaine conviction contains a clerical error. Therefore, we remand this matter for the correction of that error. In all other respects, we affirm the trial court's rulings and judgments.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed; Remanded

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Marvin Magay James Green, pro se, Henning, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; and Lacy Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

In November 2006, the Defendant was charged with one count of possessing marijuana, one count of possessing .5 grams or more of cocaine with intent to sell or deliver within 1000 feet of a school, one count of maintaining a dwelling where controlled substances were kept or sold, and one count of possessing drug paraphernalia, all alleged to have been committed on or about August 18, 2006. The charge alleging the cocaine offense ("the cocaine charge") provided as follows:

> The Grand Jurors for Sullivan County, Tennessee, being duly empanelled and sworn, upon their oath present that [the Defendant] on or about August 18, 2006, in the State and County aforesaid did unlawfully, feloniously, and knowingly possess with intent to sell or deliver point five (.5) gram [sic] or more of a substance containing Cocaine, a Schedule II Controlled Substance, within one thousand feet (1000') of the real property comprising a public elementary school, to-wit: Andrew Jackson Elementary School, contrary to T.C.A. §§ 39-17-417 & 39-17-432, a Class A felony, and against the peace and dignity of the State of Tennessee.

In January 2008, the Defendant pleaded guilty as charged. In accordance with the plea bargain, the trial court sentenced the Defendant as a Range I offender to fifteen years for the cocaine conviction, two years for the dwelling conviction, and eleven months, twenty-nine days each for the marijuana and paraphernalia convictions, all to be served concurrently in the Tennessee Department of Correction ("TDOC"). The judgment order entered on the cocaine conviction reflected that the Defendant had a "Mandatory Minimum Sentence Length" of fifteen years.

On June 3, 2013, the Defendant filed, pro se, a "motion to enjoin enforcement of the Tennessee Drug Free Zone Act § 39-17-432" in which he attacked both the validity of the cocaine charge and the legality of his sentence. The trial court summarily denied this motion by order filed October 11, 2013, on the basis that the Defendant's sentence "appears to comply with all statutory provisions and as a result . . . is not illegal." The trial court also noted that "an attempt to enjoin the Tennessee Department of Correction would have to be brought in Davidson County, Tennessee."

Also on June 3, 2013, the Defendant filed, pro se, a "motion to quash indictment" in which he alleged that the cocaine charge was invalid because it "joined" two statutes and

because the trial court "improperly applied [an] enhancement factor."[1] The trial court summarily denied this motion by written order filed October 18, 2013, finding that "[t]he time for filing a post-conviction has long expired. In this Court[']s Order [filed] October 1[1], 2013, this Court found the sentence was not illegal. The defendant has plead[ed] guilty and the case is long final."

On September 23, 2013, the Defendant filed, pro se, a motion to correct a clerical error pursuant to Tennessee Rule of Criminal Procedure 36 as to the judgment order entered on the cocaine conviction, alleging that his "mandatory minimum sentence length is violating T.C.A. 40-35-101 1989 Sentence Reform Act RED% and 14th Amendment to Equal Protection of the Law." On November 22, 2013, the trial court summarily denied this motion by written order on the basis that it "does not address error in computation but instead questions the constitutionality of the statute in [sic] which the pro-se petitioner was convicted."

On October 25, 2013, the Defendant filed with the trial court a handwritten letter "request[ing] an appeal," complaining that he did not have a "parole date" and claiming that the mandatory minimum sentence set forth on the judgment form entered on the cocaine conviction was incorrect. The Defendant claimed in this letter that the mandatory minimum sentence for his crime was four and one-half years because he was sentenced as a Range I offender.[2] The Defendant's letter was filed with this Court on October 29, 2013.

Also on October 25, 2013, the Defendant filed, pro se, a petition for post-conviction relief on the basis that the cocaine charge was fatally defective. By written order filed October 31, 2013, the post-conviction court (which was the same court as the original trial court) summarily dismissed the petition on the merits and on the basis that the petition was time-barred. The Defendant timely filed a notice of appeal.

---

[1] This latter allegation apparently stemmed from the fact that, while the possession of .5 grams or more of cocaine with the intent to sell or deliver is a Class B felony, see Tenn. Code Ann. § 39-17-417(c)(1) (2006), the crime is a Class A felony when it is committed within 1000 feet of a school zone, see id. § 39-17-432(b)(1) (2006). The Range I sentence for a Class B felony is eight to twelve years, see Tenn. Code Ann. § 40-35-112(a)(2) (2006), while the Range I sentence for a Class A felony is fifteen to twenty-five years, id. at § -112(a)(1).

[2] A defendant generally becomes eligible for release on parole after service of a statutorily prescribed percentage of his sentence. See Tenn. Code Ann. § 40-35-501 (2006). A defendant sentenced as a Range I offender generally is eligible for parole after serving thirty percent of his sentence. See id. § 40-35-501(c). Thirty percent of fifteen years is four and one-half years. The date on which a defendant becomes eligible for parole is referred to as the defendant's "release eligibility date" or, for short, his "RED." See Cantrell v. Easterling, 346 S.W.3d 445, 451 (Tenn. 2011).

On November 27, 2013, the Defendant filed, pro se, a petition for writ of habeas corpus on the basis that the trial court "lacked jurisdiction to sentence and the charge of T.C.A. 39-17-417(a)(4) is not made; there is no crime in the indictment." By written order filed December 4, 2013, the habeas corpus court (which was the same court as the original trial court) summarily denied the Defendant's claim for relief. The Defendant timely filed a notice of appeal.

On March 10, 2014, this Court filed an order consolidating the Defendant's three appeals on the basis that "[e]ach appeal challenges [his] 2008 guilty-pleaded conviction of sale of cocaine in [a] drug-free school zone based upon the allegation that the indictment was illegal and deficient" such that all three appeals involved "'common facts' and legal issues."

## Analysis

### *Claim of Illegal Sentence*

Effective July 1, 2013, the Tennessee Rules of Criminal Procedure were amended with the addition of Rule 36.1 which provides as follows:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, *an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.*

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> . . . .

> (d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1 (emphasis added). Although the Defendant titled his pro se motion to correct his illegal sentence as one to correct a clerical error, we will address his claim that his sentence is illegal[3] for the sake of judicial efficiency.[4]

As set forth above, the Defendant was convicted of possession with the intent to sell or deliver .5 grams or more of cocaine within 1000 feet of a school. This is a Class A felony. See Tenn. Code Ann. §§ 39-17-417(c)(1) (2006), 39-17-432(b)(1) (2006). The Defendant was sentenced as a Range I offender, and the Range I sentence for a Class A felony is fifteen to twenty-five years. Id. § 40-35-112(a)(1) (2006). Generally, defendants sentenced as Range I offenders are eligible for parole after serving thirty percent of their sentence. See id. § 40-35-501(c) (2006). However, with respect to the Defendant's cocaine conviction, Tennessee Code Annotated section 39-17-432 provides as follows:

> (c) Notwithstanding any other provision of law or the sentence imposed by the court to the contrary, a defendant sentenced for a violation of subsection (b) [including possession with the intent to sell or deliver .5 grams or more of cocaine within 1000 feet of a school zone] shall be required to serve at least the minimum sentence for the defendant's appropriate range of sentence. Any sentence reduction credits the defendant may be eligible for or earn shall not operate to permit or allow the release of the defendant prior to full service of the minimum sentence.

> (d) Notwithstanding the sentence imposed by the court, the provisions of title 40, chapter 35, part 5, relative to release eligibility status and parole, shall not apply to or authorize the release of a defendant sentenced for a violation of subsection (b) prior to service of the entire minimum sentence for the defendant's appropriate range of sentence.

Tenn. Code Ann. § 39-17-432(c), (d). Thus, the Defendant is not entitled to release on parole from his sentence for the cocaine conviction. The judgment order entered on the Defendant's cocaine conviction indicates that his "Mandatory Minimum Sentence Length" is "15 yrs." This sentence is not illegal. This sentence comports with the relevant statutes. Fifteen years

---

[3] Sentences containing clerical errors and sentences that are illegal are qualitatively different. See Cantrell, 346 S.W.3d at 449, 452-53.

[4] We acknowledge that, as pointed out by the State, the Defendant did not file a notice of appeal from the trial court's denial of his motion to correct clerical error. Nevertheless, this Court previously had determined to consolidate all of the Defendant's appeals, including his appeal (based on his letter) from the trial court's order(s) filed in October denying his previous attempts to set aside his sentence as illegal. Accordingly, and in the interest of justice, we will proceed to address the merits of the Defendant's claim that his sentence for the cocaine conviction is illegal. See Tenn. R. App. P. 4(a).

is the minimum sentence required for a Range I offender convicted of a Class A felony, as was the Defendant. See Tenn. Code Ann. § 40-35-112(a)(1). Because of the Defendant's offense, he has no parole eligibility and, hence, no RED. See id. § 39-17-432(d). Accordingly, the Defendant is entitled to no relief on the basis that his sentence is illegal.[5]

We note, however, that the judgment order entered on the cocaine conviction appears to contain a clerical error. The box marked "Standard 30%" under the "Release Eligibility" section has been checked.[6] This is an internal inconsistency and is contrary to the sentence imposed by the trial court as reflected in the transcript of the guilty plea hearing. As set forth above, the Defendant is not eligible for any early release from his sentence imposed for the cocaine conviction. The trial court explained this to the Defendant at the plea hearing and told the Defendant that he would have to serve his fifteen-year sentence day-for-day with no early release on parole. Accordingly, we must remand this matter to the trial court for the entry of a corrected judgment order, which shall leave blank the "Standard 30%" box. See State v. Jack Lee Thomas, Jr., No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995) (recognizing that a trial court may correct a clerical error in a judgment when the transcript of the underlying hearing indicates that the judgment document "was not correctly entered").

*Petition for Post-Conviction Relief*

The Defendant filed a petition for post-conviction relief on October 25, 2013. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-102(a) (2012). The Defendant's judgments of conviction were filed on January 9, 2008, and, because no appeal was perfected, became final thirty days later. See Tenn. R. App. P. 4(c), (e); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). The Defendant filed his petition for post-conviction relief more than five years after his judgments became final. Because the Defendant alleged no grounds for tolling the one-year statute of limitations, see Tenn. Code Ann. § 40-30-102(b), the Defendant's petition was time-barred. Accordingly, the Defendant is not entitled to post-conviction relief.

---

[5] Any complaints that the Defendant may have about the *methodology* by which his legal sentence was imposed are not cognizable as a claim for relief from an illegal sentence.

[6] In cases where the defendant is eligible for parole, this designation would inform TDOC and the Tennessee Board of Parole at what point during his term of service the defendant becomes eligible to be considered for parole. We reiterate that the Defendant is not eligible for parole from his sentence for the cocaine conviction. Accordingly, the trial court should not have checked this box.

The Defendant sought habeas corpus relief on the basis that the cocaine charge did not set forth a crime. The trial court dismissed the petition without a hearing or the appointment of counsel on the basis that this issue had been raised in a post-conviction proceeding, which was then pending on direct appeal.

Tennessee Code Annotated section 29-21-105 provides that a petition for writ of habeas corpus "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105 (2000). Our supreme court has declared that "the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993).

The Defendant's brief indicates that he is incarcerated at the West Tennessee State Prison in Henning, Tennessee. Henning, Tennessee, is located in Lauderdale County, part of Tennessee's twenty-fifth judicial district. The Defendant filed his petition for habeas corpus relief in Sullivan County, the county in which he was convicted. Sullivan County is part of Tennessee's second judicial district. The Defendant averred in his petition that he filed his petition "in the trial court as the trial court possesses all records relevant to [his] sentence."

This Court has opined that a petitioner's habeas corpus claim that his sentence is illegal may be filed in the county of conviction even if that is not otherwise the county most convenient in distance to the petitioner. See Davis v. State, 261 S.W.3d 16, 22 (Tenn. Crim. App. 2008). However, the gravamen of the Defendant's habeas corpus claim is not that his sentence is illegal but that his indictment is fatally defective. See Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (recognizing that an indictment may be so deficient that it fails to "clothe the court with jurisdiction to enter a judgment of conviction" and may entitle the petitioner to habeas corpus relief). Accordingly, we hold that the Defendant has not set forth a sufficient reason for filing his petition for habeas corpus relief in a court other than the one "most convenient in point of distance" to him. A habeas corpus petitioner's failure to file in the correct court is grounds for summary dismissal. See State ex rel. Leach v. Avery, 387 S.W.2d 346, 347 (Tenn. 1964).

Moreover, this Court previously has addressed the merits of the Defendant's habeas corpus claim in the appeal from yet another habeas corpus proceeding the Defendant filed in Wayne County, Tennessee, part of Tennessee's twenty-second judicial district. See Marvin Green v. Avril Chapman, Warden, No. M2013-02715-CCA-R3-HC, 2014 WL 2001031, at *2 (Tenn. Crim. App. May 14, 2014). This Court determined that the Defendant

was not entitled to habeas corpus relief on the basis that the cocaine charge was inadequate. Id.

For these reasons, we affirm the trial court's denial of habeas corpus relief.

## **Conclusion**

For the reasons set forth above, we hold that the Defendant is not entitled to relief from an illegal sentence, to post-conviction relief, or to habeas corpus relief. We remand this matter to the trial court for the entry of a corrected judgment order on the Defendant's cocaine conviction. The trial court's judgments are otherwise affirmed.


_____
JEFFREY S. BIVINS, JUDGE