IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 16, 2014

## RICARDO DAVIDSON v. AVRIL CHAPMAN, WARDEN

**Direct Appeal from the Circuit Court for Maury County**
**No. 18968      Stella Hargrove, Judge**

---

**No. M2014-00565-CCA-R3-HC - Filed December 12, 2014**

---

The petitioner, Ricardo Davidson, filed a petition in the Maury County Circuit Court, seeking habeas corpus relief from four felony drug convictions. The court summarily dismissed the petition, finding that the petitioner failed to file in the court closest to him and that, regardless, his claims did not entitle him to habeas corpus relief. On appeal, the petitioner challenges this ruling. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROGER A. PAGE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Ricardo Davidson, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Ahmed A. Safeeullah, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The petitioner was convicted by a jury in the Maury County Circuit Court of possession of more than 300 grams of cocaine with the intent to sell or deliver within a drug free school zone, possession of over ten pounds of marijuana with the intent to sell or deliver within a drug free school zone, conspiracy to possess over 300 grams of cocaine with the intent to sell or deliver within a drug free school zone, and conspiracy to possess and deliver over ten pounds of marijuana with the intent to sell or deliver in a drug free school zone. The court sentenced him to a total effective sentence of fifteen years in the Tennessee Department of Correction. On direct appeal, this court affirmed his convictions and sentences, and his

application for permission to appeal to the supreme court was subsequently denied. See State v. Ricardo Davidson, No. M2010-02002-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 333 (Nashville, May 17, 2012).

Thereafter, the petitioner filed for post-conviction relief, arguing that he received ineffective assistance of counsel. The petition was denied, and on appeal, this court upheld the denial. See Ricardo Davidson v. State, No. M2013-01645-CCA-R3-PC, 2014 Tenn. Crim. App. LEXIS 761 (Nashville, July 31, 2014), perm. to appeal denied, (Tenn. 2014).

On November 18, 2013, the petitioner filed in the Maury County Circuit Court a petition for a writ of habeas corpus. The petitioner, who was incarcerated in Clifton, Tennessee, contended that the petition was properly filed in Maury County because it "is the convicting court which possesses the relevant records and has the potential authority to correct petitioner's sentence at any time." The petitioner alleged that the indictments against him were duplicitous and that the verdicts against him were not unanimous because he was charged with the "'sale or delivery' of controlled substances." The State responded that the petition should be dismissed for failure to file in the court closest to the petitioner, which would have been in Wayne County. Additionally, the State contended that the petitioner's claims did not merit habeas corpus relief. The habeas corpus court agreed with the State, noting that "[e]ven if the [c]ourt were to hear his claim he would not be entitled to relief because the trial court's jury instructions were sufficient to support his convictions, and his convictions do not violate the double jeopardy clauses of the United States and Tennessee Constitutions." Accordingly, the habeas corpus court dismissed the petition. On appeal, the petitioner challenges this ruling.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be

sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

The procedural requirements for a petition for habeas corpus relief are contained in Tennessee Code Annotated section 29-21-107. "Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). One such provision is that "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105. Our supreme court has held that the most convenient court "generally mean[s] within the county" in which the petitioner is incarcerated. State ex rel. Leach v. Avery, 387 S.W.2d 346, 347-48 (Tenn. 1964). We agree with the State and the habeas corpus court that the petitioner failed to file his petition in the court closest to him.

This court has previously held that in the event a petitioner asserts that his sentence is illegal, "the fact that the convicting court possesses relevant records and retains the authority to correct an illegal sentence at anytime [may be] a sufficient reason under Tennessee Code Annotated section 29-21-105 for the petitioner to file in the convicting court rather than the court closest in point of distance." Davis v. State, 261 S.W.3d 16, 22 (Tenn. Crim. App. 2008); but see Vance McCaslin v. State, No. M2009-00898-CCA-R3-HC, 2010 Tenn. Crim. App. LEXIS 326, at *8 (Nashville, Apr. 7, 2010) (stating that Davis does not extend to every case involving sentencing). In the instant case, the petitioner did not raise a sentencing issue justifying the filing of the petition in Maury County instead of Wayne County. See Timmy Charles McDaniel v. David Sexton, Warden, No. E2012-01443-CCA-R3-HC, 2013 Tenn. Crim. App. LEXIS 264, at *12 (Knoxville, Mar. 25, 2013). Thus, the trial court was authorized to summarily dismiss the habeas corpus petition.

Nevertheless, even if the Maury County Circuit Court had jurisdiction over the case, the petitioner was not entitled to habeas corpus relief. In his petition, the petitioner asserted that the indictments against him were duplicitous and that the verdicts against him were not unanimous because he was charged with the "'sale or delivery' of controlled substances," which were two, independent offenses. See State v. Angela E. Isabell, No. M2002-00584-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 558, at *8 (Nashville, June 27, 2003) (stating that delivery and sale of a controlled substance are separate offenses and should not be charged in the same count of an indictment). On appeal, the petitioner also alleges that "[t]he unconstitutional jury instructions mislead the jury to convict on a charge

-3-

which are two separate offenses with in a single count."

Our review of the record reveals that the petitioner was not charged with the delivery or the sale of a controlled substance. <u>See</u> Tenn. Code Ann. § 39-17-417(a)(2), (3). Instead, he was charged with the possession of a controlled substance with the intent to sell or deliver, which is a single, independent offense with its own subpart. <u>See</u> Tenn. Code Ann. § 39-17-417(a)(4). Additionally, the petitioner was charged with conspiracy to possess a controlled substance with the intent to sell or deliver, which is also a single offense. <u>See</u> Tenn. Code Ann. § 39-12-103(c). Therefore, there was no infirmity in the indictments or the jury verdicts. <u>See also</u> <u>Gregory Justice v. State</u>, No. M2012-00183-CCA-R3-PC, 2013 Tenn. Crim. App. LEXIS 399, at *29-30 (Nashville, May 13, 2013), <u>perm. to appeal denied</u>, (Tenn. 2013); <u>State v. Greg Harris</u>, No. E2003-02834-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 155, at *33-34 (Knoxville, Feb. 23, 2005); <u>State v. John Tyree Lytle</u>, No. E2003-01119-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 399, at *9 (Knoxville, May 3, 2004).

### III. Conclusion

In sum, we conclude that the habeas corpus court did not err by dismissing the habeas corpus petition. Accordingly, the judgment of the habeas corpus court is affirmed.

_____
NORMA McGEE OGLE, JUDGE