FILED

12/29/2025

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 9, 2025

## MICHAEL EUGENE ST. CLAIR v. STATE OF TENNESSEE ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. 24-CV-527      Deanna B. Johnson, Judge**

———————————————————

### No. M2025-00482-CCA-R3-HC

———————————————————

The petitioner, Michael Eugene St. Clair, appeals the denial of his petition for writ of habeas corpus by the Circuit Court for Williamson County, arguing the habeas court erred in dismissing his petition due to improper venue and failure to include the necessary transcript. Upon our review of the record and the parties' briefs, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Brennan M. Wingerter, Assistant Public Defender – Appellate Division (on appeal); Steve Garner, Assistant District Public Defender (in the habeas court), for the appellant, Michael Eugene St. Clair.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General (on appeal), and  Brooke A. Huppenthal, Assistant Attorney General (in the habeas court); and Stacey Edmondson, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual and Procedural History*

On December 11, 2002, petitioner entered a guilty plea to one count of rape in Davidson County. Pursuant to the plea agreement, the petitioner received an eight-year sentence to be served on probation. Both the petitioner's plea of guilty paperwork and the

special conditions section of his judgment specifically included "sex offender treatment" and "sex offender registry" as required. However, neither form indicated that the condition of community supervision for life, mandated by Tennessee Code Annotated section 39-13-524, was required.

In both June 2003, the petitioner violated the terms of his probation and was ordered to serve 90 days in confinement before being returned to probation. In October 2004, the petitioner again violated his probation. After this violation, the petitioner's probation was revoked, and he was ordered to serve his entire sentence in confinement. After each violation, the trial court entered an "Amended Judgment" reflecting the violation; however, neither amended judgment reflected community supervision for life.

In March 2010, the Tennessee Department of Correction (TDOC) informed the Davidson County District Attorney General by letter of the absence of supervision for life as a condition on the petitioner's judgment(s) and requested clarification. On May 24, 2010, TDOC issued a Release Notification notifying several parties, including the Davidson County District Attorney General, that the petitioner's sentence was to expire on June 4, 2010.

On June 4, 2010, the petitioner was released from TDOC custody. Prior to release, the petitioner completed the required sex offender registry, which specified that the petitioner had "no supervised release."

On August 16, 2010, the trial court entered a "Corrected Judgment" and included community supervision for life as a special condition. The petitioner was notified of the Corrected Judgment on October 27, 2010, and he signed a Community Supervision Certificate acknowledging that he had received a sentence of supervision for life pursuant to Tennessee Code Annotated section 39-13-524.

On September 20, 2024, the petitioner, then a resident of Sumner County, filed a petition for writ of habeas corpus in Williamson County through appointed counsel in an unrelated matter out of Williamson County. The State filed a motion to dismiss on the grounds of improper venue and that the petitioner had failed to include the necessary transcript from his guilty plea hearing.

On March 6, 2025, the habeas court granted the State's motion to dismiss, finding Williamson County was not the proper venue. Additionally, the habeas court determined summary dismissal was appropriate due to the petitioner's failure to include a copy of the transcript of his guilty plea. This timely appeal followed.

## *Analysis*

On appeal, the petitioner asserts that the habeas court erred in dismissing the petition because (1) venue was proper in Williamson County and (2) sufficient evidence was provided in the petition to prove supervision for life was not included in the original sentence. The State responds that the habeas court properly dismissed the petitioner's writ of habeas corpus. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees the right for prisoners to seek habeas corpus relief. In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101. However, the "grounds upon which habeas corpus relief may be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Tennessee Code Annotated section 29-21-105 requires a petition for writ of habeas corpus "be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Our supreme court has construed the venue requirement to mean that "a petitioner must file the application with the court geographically nearest to him – generally within the county of confinement – unless the petition states a sufficient reason for filing elsewhere. *Hessmer v. State*, No. M2024-01563-CCA-R3-HC, 2025 WL 1894830, *3 (Tenn. Crim App. 2025) (citing *State ex rel. Leach v. Avery*, 387 S.W.2d 346, 347 (Tenn. 1964)). We have recognized an exception to the geographic requirement allowing for a petitioner to file a petition for writ of habeas corpus in the convicting court when a petitioner is challenging an illegal or expired sentence, because that court "possesses relevant records and retains the authority to correct an illegal sentence at anytime." *Davis v. State*, 261 S.W.3d 16, 22 (Tenn. Crim. App. 2008).

Habeas corpus procedural requirements "are mandatory and must be followed scrupulously." *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993) (citing *Bateman v. Smith*, 194 S.W.2d 336, 337 (Tenn. 1946)). Specifically, the "statutory venue rule is mandatory." *Hessmer*, 2025 WL 1894830, *3. "A trial court may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007).

In this case, it is uncontested that the petitioner was a resident of Sumner County when his petition was filed. Therefore, Sumner County was the court geographically nearest to him and was the statutorily proper venue for filing a habeas corpus petition. Under the "convicting court" exception*,* the Davidson County Criminal Court would have also satisfied the venue requirement. *See Davis,* 261 S.W.2d at 20. However, the petitioner filed his petition in Williamson County. Therefore, his petition must have provided a

sufficient reason for failing to file in either of the proper venues. Failure to do so subjected his petition to dismissal. *See id.*

In his petition, the petitioner argued that Williamson County should be declared a proper venue because his attorney of record is a public defender appointed to Williamson County. The habeas court found that "[t]he fact that Petitioner's counsel believes he cannot represent Petitioner in Sumner County because is he a public defender in Williamson County is not sufficient reason for Petitioner to file his Petition in this county rather than in Sumner County." Whether habeas corpus relief should be granted is a question of law, so our review is *de novo* with no presumption of correctness afforded the habeas court's findings and conclusions. *Summers*, 212 S.W.3d at 255.

At issue, is whether the petitioner in his application presented a sufficient reason for filing his petition in Williamson County. The crux of the petitioner's argument is that the application was filed in Williamson County because petitioner's counsel believed he could not file in Sumner County. However, as the habeas court noted in its order, the petitioner does not have a right to counsel in a habeas corpus proceeding. *See id.* at 261. "Appointment of counsel in a state's habeas corpus proceeding is within the trial court's discretion." *Id.* at 260. Tennessee Code Annotated section 40-14-204 provides that the court will appoint counsel "if necessary." Therefore, a particular counsel's county of appointment cannot be a sufficient reason to convey venue in a proceeding that mandates scrupulous adherence to rules of procedure. Additionally, we note that "appointed counsel" in the instant matter was not appointed to represent the petitioner in his habeas matter; rather, counsel was appointed to represent the petitioner in an unrelated matter out of Williamson County. Accordingly, we conclude that the habeas court did not err in dismissing the petition.

In addition to dismissing the petition for the lack of proper venue, the habeas court also determined the petitioner failed to establish that his judgment was void. More specifically, the habeas court found the record was unclear as to whether community supervision for life was initially discussed and imposed as part of the plea colloquy, noting that the petitioner failed to provide a transcript of the plea hearing. The petitioner argues, as he did at the trial level, that the transcript is no longer available but insists we can rely on the court reporter's log "which indicates a brief description of what occurred" at the petitioner's plea hearing. Initially, the State notes that pursuant to Tennessee Rule of Criminal Procedure 36, the trial court was authorized to correct a clerical error "at any time." The State then submits the habeas court "reasonably found that 'without a transcript from the guilty plea hearing' it could not determine whether the petitioner 'was informed the [community supervision] requirement was part of his guilty plea.'" We agree with the State.

- 4 -

As noted by the State, Tennessee Rule of Criminal Procedure 36 provides that a trial court "may at any time correct clerical mistakes in judgments. . . ." In the instant matter, in August 2010, the original trial court, after receiving notice from the Department of Correction, entered a "Corrected" judgment reflecting that the petitioner had been "sentenced to community supervision for life." Despite having an appeal as of right from the entry of that corrected judgment, *see* Tenn. R. Crim. P. 36, the petitioner took no action. Rather, in October 2010, the petitioner signed a certificate acknowledging that he had been ordered to community supervision for life and agreeing to comply with the enumerated conditions. The petitioner did not challenge the lifetime supervision portion of his judgment until filing the instant petition in September 2024.

Unfortunately for the petitioner, by the time he decided to challenge the legality of his sentence and the trial court's entry of a corrected judgment, the recording of his plea hearing was no longer available. The "petitioner bears the burden of providing an adequate record for summary review in a habeas corpus petition." *Summers*, 212 S.W.3d at 259. When a petitioner fails to include pertinent documents with his petition, the habeas court may properly dismiss the petition without the appointment of counsel and without a hearing. *Id*. at 261. Though the petitioner did present the habeas court with the court reporter's log and notes from the date of the petitioner's plea hearing, such is not the official transcript of the hearing and, as noted by the petitioner, only "indicates a brief description of what occurred"—it is not a complete and accurate transcript of the hearing. Accordingly, based on the lack of a complete record, the habeas court did not abuse its discretion in summarily denying the instant petition.

Notwithstanding the petitioner's failure to file in the proper venue and failure to provide the habeas court with an adequate record to review his claim, the petitioner would not be entitled to relief on the merits of his claim. The petitioner claims the habeas court lacked jurisdiction to correct his judgment once the petitioner was released from custody. However, both our supreme court and this Court have held to the contrary. S*ee generally State v. Brown*, 479 S.W.3d 200 (Tenn. 2015); *Anthony Leslie v. State*, No. M2018-00856-CCA-R3-HC, 2019 WL 3814623 (Tenn. Crim. App. Aug. 14, 2019), *no perm. app. filed.* Community supervision for life is "a sentence" in addition to any term of confinement. *See* Tenn. Code Ann. § 39-13-524(a) ("In addition to the punishment authorized by the specific statute prohibiting the conduct, a person *shall receive a sentence* of community supervision for life . . . .") (Emphasis added). "The sentence of community supervision for life shall commence immediately upon the expiration of the term of imprisonment imposed upon the person by the court or upon the person's release from regular parole supervision, whichever first occurs." *Id.* § 39-13-524(c). The plain language of the statute reflects that the sentence of community supervision for life begins, in relevant part, upon the expiration of the term of confinement. *Carr v. State*, No. M2017-01389-CCA-R3-PC, 2019 WL 6220966, at *7 (Tenn. Crim. App. Nov. 21, 2019) (Montgomery, J., concurring in part; dissenting in part).

The petitioner's original sentence included an eight-year sentence to serve in the Tennessee Department of Correction, suspended to probation, and lifetime community supervision for life, regardless of whether the parties and the trial court were aware of the sentence at the guilty plea hearing. The sentence of lifetime supervision was mandated by statute, and the failure to note it on the original judgments of conviction resulted in void judgments. Although the petitioner's service requirement in the Tennessee Department of Correction had been completed at the time the corrected judgments were entered, his lifetime supervision sentence had not expired. *Id.*

For purposes of habeas corpus as a mechanism to correct an illegal sentence, it is irrelevant whether the petitioner knew about the statutorily mandated sentence of lifetime supervision. Rather, the petitioner's knowledge of lifetime supervision is a question of whether the petitioner entered knowing and voluntary guilty pleas and whether he received the ineffective assistance of counsel, which are matters to be addressed in a petition for post-conviction relief. *Id. (citing Calvert v. State*, 342 S.W.3d 477 (Tenn. 2011); *State v. Nagele*, 353 S.W.3d 112 (Tenn. 2011)). The petitioner's full sentences had not expired at the time the corrected judgments of conviction were entered, and, as a result, the trial court had the authority to correct the illegal sentences contained in the judgments of conviction. *Id.*

### *Conclusion*

Based on the foregoing, we affirm the habeas court's dismissal of the petition for writ of habeas corpus.

s/ J. ROSS DYER

J. ROSS DYER, JUDGE