David Gene LEDFORD, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

Nov. 19, 1985.

Permission to Appeal Denied by Supreme Court March 24, 1986.

Donald B. Reid, Carter & Reid, Athens, for appellant.

W.J. Michael Cody, State Atty. Gen. & Reporter, Albert L. Partee, III, Asst. State Atty. Gen., Nashville, Jerry N. Estes, Dist. Atty. Gen., James F. Watson, Asst. Dist. Atty. Gen., Athens, for appellee.

## OPINION

BYERS, Judge.

Ledford appeals from the dismissal of his petition for post-conviction relief after an evidentiary hearing.

Ledford seeks to have pleas of guilty to possession of marijuana and to an attempt to commit a felony (burglary) set aside because his attorney's representation was not competent and because the pleas were not voluntary.

The judgment of the trial court is reversed. The pleas of guilty are set aside, and the trial court shall proceed on the indictments against Ledford as by law required.

■ The appellant has served the time he received under the pleas, and the state insists the charge of possession of less than one-half ounce of marijuana is not a proper subject for post-conviction relief. We do not agree with this position.

Under T.C.A. § 40–35–108 (Judge Sentencing) a person who commits a subsequent crime may be sentenced as an especially mitigated offender if, among other qualifications, he has no prior misdemeanor sentence of six months or more. Further, under *Gray v. State*, 538 S.W.2d 391 (Tenn. 1976), prior misdemeanor convictions may be considered in determining whether multiple sentences are to be served consecutively. A misdemeanor conviction may therefore lead to a collateral legal consequence in the future and is a proper subject for post-conviction relief.

We have examined this record on the finding of the trial judge on the issue of whether Ledford's attorney on the original charge was competent, and find the record supports the determination that trial counsel was competent.

■ We find, however, that the record does not support a finding that the entry of the guilty pleas was voluntary.

Ledford testified in the post-conviction hearing that his attorney told him he had an offer to plead guilty to the charges and receive a sentence of eleven months and twenty-nine days in each. He further testified he asked for a day or two to think about it but was told he had to take the offer then or it would be withdrawn.

Ledford's trial attorney testified the offer was made by the state on condition that it be accepted on the day it was tendered because the trial judge would be at the court only on that day.

The questioning of Ledford by the district attorney general and statements of the district attorney general in the record indicate this to be the situation on the offer.

In the course of the entry of the guilty plea the following colloquy appears:

THE COURT: And you have had an opportunity to discuss these matters with Mr. Siklosi, who is representing you, is that correct?

THE DEFENDANT: A short time. I feel not long enough, but—

THE COURT: Well, we will—let me ask you this: I was going to ask you if you would like additional time right now before we continue to proceed in these proceedings? Would you like additional time?

THE DEFENDANT: Well, see, I asked Mr. Siklosi to ask the court if it would be possible that I have, if I can take until Tuesday to, ah, all this in my mind, and the court said, no, so he has explained to me the procedures.

THE COURT: Well, we will do some—I will do some questioning and make sure you understand, but the court leaves here, I leave here today, and I won't be back for some time. We just don't stay here. We go on circuit—

THE DEFENDANT: I understand you're a busy man.

THE COURT: —and so really that's all we—

THE DEFENDANT: I do understand that.

After considerable questioning the appellant executed the proper forms for waiver of jury trial and entry of guilty pleas.

Ledford's original attorney testified about the proceeding on the guilty plea and said, "Mr. Ledford reluctantly agreed to accept the state's offer and agreed to plead guilty."

In accepting the plea of guilty, the trial judge followed the guidelines in *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977). However, we conclude from statements of Ledford then and the testimony introduced in the post-conviction proceeding that the relinquishment of the constitutional rights attendant upon a plea of not guilty was not voluntary and the pleas of guilty cannot stand. *See Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

We therefore set aside the entry of the pleas of guilty and the judgments thereon, and the trial court shall proceed on these indictments as the law requires.

O'BRIEN and CORNELIUS, JJ., concur.