IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 12, 2016

## JOSEPH FLOYD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 10-03845     Lee V. Coffee, Judge**

---

**No. W2015-02232-CCA-R3-PC  -  Filed August 30, 2016**

---

The petitioner, Joseph Floyd, appeals the summary dismissal of his petition for post-conviction relief from his DUI and reckless driving convictions, arguing that the post-conviction court erred in dismissing the petition based on a lack of jurisdiction because his probation had expired.  The State concedes that the court erroneously dismissed the petition for lack of jurisdiction, and we agree.  Accordingly, we reverse the judgment of the post-conviction court and remand for an evidentiary hearing on the merits of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed
and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Joseph A. McClusky, Memphis, Tennessee, for the appellant, Joseph Floyd.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Stephen W. Ragland, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

The petitioner was convicted by a Shelby County Criminal Court jury of two counts of DUI, a Class A misdemeanor, and one count of reckless driving, a Class B misdemeanor.  The trial court merged the DUI convictions and sentenced the petitioner to

concurrent terms of eleven months, twenty-nine days for the DUI conviction and seven days for the reckless driving conviction, suspended to supervised probation after service of seven days. This court affirmed the convictions on direct appeal, and our supreme court denied the petitioner's application for permission to appeal. State v. Joseph Floyd, No. W2011-01796-CCA-R3-CD, 2013 WL 3130954, at *1 (Tenn. Crim. App. June 14, 2013), perm. app. denied (Tenn. Oct. 16, 2013).

Our direct appeal opinion reveals that the petitioner's convictions stemmed from a December 20, 2009 traffic accident with injuries caused by the intoxicated petitioner's turning the van he was driving across the path of an oncoming jeep. Id. The petitioner's losing argument on direct appeal was that the evidence was insufficient to prove beyond a reasonable doubt that he, rather than his passenger, who was the owner of the van, had been driving at the time of the accident. Id. at *3-8.

On October 15, 2014, the petitioner filed a timely petition for post-conviction relief in which he raised a claim of ineffective assistance of counsel. Specifically, he alleged that counsel was ineffective for, among other things, not locating, interviewing and calling potential witnesses who would have supported his defense that he was not driving the vehicle at the time of the accident.

On August 14, 2015, the post-conviction court held a limited hearing to address its concern that it lacked jurisdiction over the case due to the expiration of the petitioner's sentence. After considering arguments of respective counsel and reviewing the law, the court concluded that it lacked jurisdiction because the petitioner's sentence had been fully served and he was unable to show that he was suffering any substantial prejudicial collateral consequence of the convictions. On October 12, 2015, the court entered a detailed written order dismissing the petition without an evidentiary hearing based on its lack of jurisdiction.

## ANALYSIS

The petitioner contends that the post-conviction court erred by dismissing the petition, arguing that he was in custody for the purposes of the post-conviction statute because he was still on probation at the time he filed his petition. Alternatively, the petitioner cites State v. McCraw, 551 S.W.2d 692, 694 (Tenn. 1997), Ledford v. State, 708 S.W.2d 419, 420 (Tenn. Crim. App. 1985), and Brandon S. Massengill v. State, No. E2015-00501-CCA-R3-PC, 2015 WL 7259279, at *1 (Tenn. Crim. App. Nov. 17, 2015), to argue that the collateral consequences of his DUI conviction, which include the possibility of enhanced punishment for any future conviction, amounts to "custody" pursuant to Tennessee law. The State concedes that the post-conviction court erroneously dismissed the petition because the petitioner filed his petition while still on

probation and was not required to demonstrate any future collateral consequences of the conviction. The State additionally agrees that the petitioner's DUI and reckless driving convictions could be used in the future to enhance a sentence and, therefore, have collateral legal consequences that provide a proper basis for post-conviction relief.

We agree that the post-conviction court erred in concluding that it lacked jurisdiction over the case because the petitioner's sentence had been served. First, the petitioner, who was still on probation at the time he filed the petition, met the technical requirements of being "in custody." See Tenn. Code Ann. § 40-30-102(a) (2012) ("[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred."). Second, our courts have consistently held that the custody requirement of the post-conviction statute is satisfied by the fact that a challenged conviction may be used to enhance a sentence on another conviction. See Hickman v. State, 153 S.W.3d 16, 23 n.4 (Tenn. 2004) ("The language 'in custody' has long been broadly construed to permit persons to collaterally challenge, by means of a post-conviction petition, a judgment of conviction that later may be used to enhance a sentence on another conviction. Such challenges have been allowed even if the sentence on the challenged conviction has been served or has expired at the time the post-conviction petition is filed." (citations omitted)); Ledford, 708 S.W.2d at 420 ("A misdemeanor conviction may therefore lead to a collateral legal consequence [of enhanced punishment] in the future and is a proper subject for post-conviction relief."); McCraw, 551 S.W.2d at 694 (holding that "in custody" for purposes of the Post-Conviction Procedure Act includes future collateral consequences as a result of the conviction); Brandon S. Massengill, 2015 WL 7259279, at *2 (holding that petitioner was in custody for purposes of seeking post-conviction relief, even though his misdemeanor sentence was expired, because the conviction continues to impose a restraint on his liberty in that it may be used to enhance a subsequent sentence). Accordingly, we reverse the summary dismissal of the petition and remand to the post-conviction court for an evidentiary hearing.

## CONCLUSION

Based on the foregoing authorities and reasoning, we reverse the judgment of the post-conviction court and remand for further proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE