IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2016

**ERIC DATES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 09-07729      Lee V. Coffee, Judge**
_____

**No. W2015-02230-CCA-R3-PC  -  Filed January 24, 2017**
_____

The Petitioner, Eric Dates, appeals the Shelby County Criminal Court's summary dismissal of his petition for post-conviction relief.  The Petitioner argues, and the State concedes, that the post-conviction court erred in dismissing his petition for lack of jurisdiction because his probation had expired.  Upon our review, we reverse the judgment of the post-conviction court and remand this matter for an evidentiary hearing on the merits of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT L. HOLLOWAY, JR., JJ., joined.

Joseph A. McClusky, Memphis, Tennessee, for the Petitioner, Eric Dates.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Stephen W. Ragland, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Facts.**  The Petitioner was convicted by a Shelby County Criminal Court jury of driving under the influence (DUI), a Class A misdemeanor.  He was sentenced to eleven months and twenty-nine days, which was suspended to supervised probation after he served forty-eight hours in the Shelby County Division of Correction.  The Petitioner filed a motion for new trial, which the trial court denied.  This court confirmed the Petitioner's sentence, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal.  See State v. Eric Dates, No. W2012-01030-CCA-R3-CD, slip op. at 1-15 (Tenn. Crim. App. Sept. 6, 2013), perm. app. denied (Tenn. Jan.

14, 2014).  On January 13, 2015, the Petitioner filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel at trial.  The post-conviction court found that the Petitioner presented a colorable claim; however, the court questioned whether it had jurisdiction to hear the case since the Petitioner's probation had expired.[1] The Petitioner and the State filed memoranda addressing the post-conviction court's concerns, and the court held a hearing to address this issue on August 14, 2015.[2]

At the hearing, counsel for the Petitioner stated that although the Petitioner had fully served his sentence, he was still subject to collateral consequences of his conviction because it could be used to enhance a sentence in the future.  Counsel relied on State v. McCraw, 551 S.W.2d 692, 694 (Tenn. 1977) and Ledford v. State, 708 S.W.2d 419, 420 (Tenn. Crim. App. Nov. 19, 1985) for the proposition that "collateral consequences should be considered for post-conviction purposes."  The State argued that the Petitioner was no longer "under any sentence of the court" and therefore was not "in custody" for purposes of the Post-Conviction Procedure Act ("the Act").  Furthermore, the State asserted that the petition for post-conviction relief failed to allege the prejudicial or collateral consequences the Petitioner suffered due to his conviction.

After reviewing the relevant law and considering the arguments of counsel, the post-conviction court dismissed the petition because the Petitioner suffered no prejudicial or collateral consequences due to his misdemeanor conviction and was not "in custody" according to the Act.  The post-conviction court filed a written order dismissing the petition on October 12, 2015, and the Petitioner filed a notice of appeal on November 12, 2015.

## ANALYSIS

On appeal, the Petitioner argues that the post-conviction court erred in summarily dismissing his petition for post-conviction relief.  As an initial matter, we must address the State's contention that the Petitioner did not file a timely notice of appeal and failed to explain why this court should waive the thirty-day filing requirement.  On October 12, 2015, the post-conviction court filed an order dismissing the petition for post-conviction

---

[1] The trial court's order dismissing the petition for post-conviction relief states that the Petitioner was placed on probation "on or about January 20, 2014, for [eleven] months and [twenty-seven] days" and that his probation ended "on or about January 20, 2015."  However, the post-conviction court noted at the August 14, 2015, hearing that the Petitioner's sentence expired before he filed his petition on January 13, 2015.  Despite the lack of clarity in the record, this court will infer based on the briefs and transcript submitted on appeal that the Petitioner fully served his probation before he filed his petition for post-conviction relief.

[2] The post-conviction court also heard arguments in a companion case, Joseph Floyd v. State, which involved slightly different facts but raised the same issue presented in this appeal.  See Joseph Floyd v. State, No. W2015-02232-CCA-R3-PC, 2016 WL 4545995, at *1 (Tenn. Crim. App. Aug. 30, 2016).

relief. The Petitioner's notice of appeal was filed on November 12, 2015. The State argues and the Petitioner concedes that November 12, 2015, is thirty-one days after the post-conviction court denied the petition for post-conviction relief. However, the Petitioner maintains that the notice of appeal was timely because "November 11, a holiday, did not count against [the Petitioner]."

Rule 4(a) of the Tennessee Rules of Appellate Procedure states, "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." However, this rule also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a); see State v. Scales, 767 S.W.2d 157,158 (Tenn. 1989) ("For purposes of Rule 4(a), Tenn. R. App. P., post-conviction proceedings are criminal in nature and the notice of appeal may be waived 'in the interest of justice.'"). We note that "'[i]n determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." Id. (citing Michelle Pierre Hill v. State, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996)). Furthermore,

> In computing any period of time prescribed or allowed by the rules, the date of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or legal holiday as defined in Tenn. Code Ann. [§] 15-1-101, . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.

Tenn. R. App. P. 21(a). Based on our review of the record, the thirtieth day following October 12, 2015, fell on November 11, 2015, a legal holiday in the State of Tennessee. See T.C.A. § 15-1-101 ("November 11, known as 'Veterans' Day'" is a legal holiday). Since the thirtieth day fell on November 11, 2015, this day was not included in the thirty-day time limit as prescribed by Rule 21(a) of the Tennessee Rules of Appellate Procedure; thus, November 12, 2015, became the thirtieth day. See e.g., Wright v. Blalock, No. 86-96-II, 1986 WL 5033, at *1-2 (Tenn. Ct. App. Apr. 30, 1986). Therefore, the Petitioner's notice of appeal was not untimely. However, even if the

petition was untimely by one day, we conclude that the "interest of justice" is best served by granting a waiver in this case. See Tenn. R. App. P. 4(a); see also Crittenden v. State, 978 S.W.2d 929, 932 (Tenn. 1998).

The Petitioner argues that he continues to face collateral consequences due to his misdemeanor conviction and that he is "in custody" for purposes of the Act. Thus, the Petitioner contends that he is entitled to an evidentiary hearing on the merits of his petition. The State on appeal agrees with the Petitioner and concedes that the post-conviction court erred by dismissing the petition.

Under Tennessee law, a person must be "in custody" to seek post-conviction relief. See T.C.A. § 40-30-102(a). "[I]n custody" for purposes of the statute means any possible restraint on liberty even though the defendant's sentence has been fully served. See McCraw, 551 S.W.2d at 694 (Tenn. 1977). The "in custody" requirement has been "liberally construed to permit collateral review of an allegedly unconstitutional conviction, whether or not the . . . petitioner is in fact in custody, if such petitioner is still suffering under a direct or concomitant disability due to the conviction." Brandon S. Massengill v. State, No. E2015-00501-CCA-R3-PC, 2015 WL 7259279, at *2 (Tenn. Crim. App. Nov. 17, 2015) (quoting State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987)). "The mere serving of a sentence [does] not prevent a collateral attack on the conviction" because such a conviction may be used as "a basis for infliction of greater punishment." McCraw, 551 S.W.2d at 694 (citing Sibron v. New York, 392 U.S. 40, 57 (1965)). Moreover, "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Id. at 694 (quoting Sibron, 392 U.S. at 57).

We agree that the post-conviction court erred in dismissing the petition for post-conviction relief. The record reflects that the Petitioner was found guilty of a misdemeanor DUI. After exhausting all of his appeals and completing the remainder of his probation, the Petitioner filed a petition for post-conviction relief. Although the Petitioner's sentence has expired, the conviction could be used to enhance a future sentence, particularly if the Petitioner is charged with a second DUI. See T.C.A. § 55-10-405 ("For the sole purpose of enhancing the punishment . . . every violation of [Tennessee Code Annotated section] 55-10-401 that resulted in a conviction . . . shall be considered in determining the number of prior offenses."). "A misdemeanor conviction may therefore lead to a collateral legal consequence in the future and is a proper subject for post-conviction relief." Ledford, 708 S.W.2d at 420. This court has held that a Petitioner is in custody for purposes of seeking post-conviction relief even though his misdemeanor conviction had expired because it "continues to impose a restraint on his liberty." Brandon S. Massengill, 2015 WL 7259279, at *2; see also Albert v. State, 813 S.W.2d 426, 427 (Tenn. 1991). Accordingly, because the Petitioner is still subject to

collateral legal consequences from his expired sentence, we conclude that the post-conviction court erred in dismissing his petition and remand for an evidentiary hearing.

## **CONCLUSION**

We reverse the judgment of the post-conviction court and remand for further proceedings consistent with this opinion.

_____
CAMILLE R. McMULLEN, JUDGE